DELLA M. DRAKE, Respondent, *v.* NATIONAL MOTOR CAR AND VEHICLE CORPORATION, Appellant.

First Department, February 4, 1921.

**Motor vehicles — action against manufacturer for injuries alleged to have been caused by defective construction — bill of particulars as to specific defects to be relied on — particulars as to experience of plaintiff in driving and exact time of accident — particulars as to place of accident, speed of car and method of driving.**

In an action by the owner of an automobile against the manufacturer to recover for injuries received by the plaintiff in an accident caused by the breaking of a part of the steering gear, the court should be liberal in granting to the defendant a bill of particulars as to the defects in ▮▮▮struction or material which the plaintiff will rely on to establi▮▮

The defendant is entitled ▮ a bill of pa▮▮▮▮▮ general allegations char▮▮▮ ▮gligen▮▮▮ ▮ to ▮▮▮▮re of the entire automobile and ▮▮▮ of ▮ts parts and the testing ▮▮▮▮or were intended to be limited by more specific allegations in a later paragraph confining the negligence to the steering apparatus, and if they were not intended to be so limited to particularize with respect to them.

The defendant is entitled, also, to particulars as to the parts of the steering apparatus alleged to be worn and of insufficient size and as to the parts alleged to have been omitted in the construction.

The defendant is not entitled to particulars as to the experience of the plaintiff in driving automobiles or the exact time of the accident since those questions can have no bearing on the issues.

But the defendant is entitled to particulars as to the exact place where the accident happened, the speed of the car at the time of the accident, and whether the plaintiff put on the foot brake or the emergency brake and whether she claims either of them was defective.

APPEAL by the defendant, National Motor Car and Vehicle Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of November, 1920, in so far as the same denies the defendant's motion for a bill of particulars with respect to matters specified in five subdivisions of the notice of motion.

*Richard F. Weeks* of counsel [*Baldwin & Curtis*, attorneys], for the appellant.

*Frank Sowers* of counsel [*Richards & Affeld*, attorneys], for the respondent.

LAUGHLIN, J.:

This is an action against a manufacturer of an automobile to recover for personal injuries alleged to have been sustained by the plaintiff, who purchased the automobile from a dealer to whom the defendant sold it, while operating the automobile at some point in the State of Indiana on the 29th day of August, 1918, alleged to have been caused by negligence in the manufacture thereof and in failing to make proper tests of certain of its parts and for damages to the automobile. The lia of the defendant is predicated on *MacPherson* v. *B* (217 N. Y. 382) and kindred authorities. a two-pasger National roadster, wh alleged gaged in manufacturing and selling. Plaintiff alleges that in the year 1918 defendant sold and delivered the automobile to the Combs Motor Company, a dealer in automobiles in Washington, D. C., from whom she purchased it on or about the 10th of April, 1918. In paragraph 4 she alleges that the defendant was careless and negligent in the manufacture of the automobile and failed to use due care in its construction and in testing the materials with which it was made and that the materials and parts used in its construction and particularly in connection with the steering apparatus to be used in steering were of inferior and unsuitable quality which did not and could not stand the strain of the ordinary use to which the automobile was intended to be and was put; and in paragraph 5 that the defendant negligently and without proper care placed on the automobile steering apparatus which was improperly constructed and defective, " in that the parts connecting one of the steering arms of said automobile were worn and of insufficient size, and defendant was negligent, in that a spring, which was a necessary part of said steering apparatus and steering arm, was not placed therein, making such steering apparatus unsuitable and unsafe, liable to become useless

and to break, and said defect was not visible to open or casual inspection by the plaintiff." It is also alleged that during the month of August, 1918, plaintiff delivered the automobile to the defendant " for the purpose of complete overhauling, repair and examination'" and that the defendant undertook for a valuable consideration to completely overhaul and repair it and place it in first-class condition and thereafter and during the same month the defendant delivered it to the plaintiff, " alleging and warranting that the said machine had been carefully overhauled and repaired and was in first-class condition, and that in particular the steering apparatus, including steering arm and steering knuckle, and parts connecting with the steering arm and wheel, were in first-class condition, whereas in truth and in fact the defendant negligently failed to discover the defects heretofore recited in said steering apparatus and failed to discover that a portion of said steering apparatus had become worn and unsafe, and that the spring, a necessary part thereof, was not contained therein, and that said steering apparatus was in a dangerous condition." It is further alleged that while the plaintiff was engaged in driving the automobile in the State of Indiana and proceeding therewith in a careful and proper manner, by reason of the defects and the negligence of the defendant thereinbefore recited, " the said steering apparatus became broken, disjointed and useless, and the plaintiff was unable to control the movements of said automobile, and without any negligence of the plaintiff in anywise thereto contributing the said automobile was violently precipitated against an embankment at the side of the road, violently throwing the plaintiff from said automobile to the ground," causing the injuries for which she seeks to recover. The affidavit of the chairman of the board of directors of the defendant shows that it is necessary for the defendant to have a verified bill of particulars as specified in the notice of motion, in order that the issues may be limited and that the defendant may know in advance of the trial the issues it will be called upon to meet and to enable it properly to prepare for trial and to avoid surprise. The order granted the motion for the particulars specified in subdivisions V, VII and VIII of the notice of motion and in all other respects denied it.

It is manifest that in the enforcement of such a remedy against the manufacturer for an accident occurring long after it has parted with the automobile, the court should be quite liberal in granting bills of particulars and that this may be done without prejudice to the plaintiff, for one who attributes such an accident to a defect in the manufacture of the automobile or in the materials of which it was manufactured must be in a position through an inspection of an automobile by experts after the accident to point out precisely the defective construction or the defect in the materials. It will be observed that the 4th paragraph of the complaint contains very general allegations charging negligence with respect to the manufacture of the entire automobile and all of its parts and the testing thereof and that the allegations of the 5th paragraph are confined to negligence with respect to the steering apparatus. The purpose of the demand in the 1st paragraph of the notice of motion is to ascertain whether the general allegations in the 4th paragraph are intended to be limited by the more specific allegations in the 5th. The object of the demand in the 2d paragraph is to have the plaintiff particularize with respect to the allegations of the 4th paragraph if they are not intended to be limited by the 5th. The object of the demands of the 3d is to have the plaintiff name the parts connecting one of the steering arms which it is alleged in the 5th paragraph were worn and of insufficient size; and the object of the demand in the 4th paragraph is to have the name of the spring which it is claimed was a necessary part of the steering apparatus and arm and not placed therein specified. We are of opinion that the defendant is entitled to a bill of particulars with respect to these matters as demanded. The demands of paragraph 6 are too broad in many respects. Neither plaintiff's experience in driving automobiles nor the exact hour of the accident can have any bearing on the issues concerning the negligence with which the defendant is charged; but the defendant is entitled to know where the accident occurred by having the highway named and the vicinity given and to know the speed at which the automobile was traveling and whether plaintiff put on the foot brake or the emergency brake and whether she claims that either of them was out of order.

The order in so far as it is appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and motion. granted, with ten dollars costs, to the extent herein specified.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent specified in opinion.