■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR WALKER, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered September 29, 1959, after a jury trial, convicting him of attempted robbery in the first degree, attempted petit larceny, and assault in the second degree, and sentencing him, as a third felony offender, to serve a term of 10 to 20 years. Judgment affirmed. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CALVIN WILLIAMS, Appellant.— Appeal by defendant from judgment of the County Court, Kings County, rendered December 7, 1954, convicting him of robbery in the first degree, grand larceny in the first degree, and assault in the second degree, and sentencing him, as a second felony offender, to serve a term of imprisonment of from 15 to 35 years. Judgment affirmed. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD RAY, Appellant.— In a filiation proceeding, defendant appeals: (1) from an order of the Children's Court, Nassau County, dated March 18, 1960 and entered March 24, 1960, after a nonjury trial, which adjudges him to be the father of petitioner's child born out of wedlock; and (2) from an order of the said court, dated and entered the same day, which makes the same adjudication as to defendant's paternity, and which directs him to pay $12 a week for the child's support, and $3. a week on account of the hospital bill. Orders affirmed, without costs. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ., concur.

■ PAULEEN SCHNELL et al., Respondents, v. NEW YORK TELEPHONE COMPANY, Appellant, et al., Defendant.— In an action to recover damages for personal injury and property damage, defendant New York Telephone Company appeals from so much of an order of the Supreme Court, Suffolk County, dated July 9, 1959, as vacates and strikes item 5 from the said defendant's demand for a bill of particulars. This item demands particulars as to the specific acts of negligence of said defendant. Order modified by adding to its provision vacating item 5 of the demand, the following proviso: " unless plaintiffs intend to prove specific acts of negligence, in which event plaintiffs will be required to furnish the particulars requested." As so modified, order insofar as appealed from affirmed, without costs. A defendant is entitled to particulars of the specific acts of his negligence as plaintiff will claim them to be (*King* v. *Craddock*, 252 App. Div. 719), unless it clearly appears that plaintiff relies solely on the doctrine of res ipsa loquitur (*Haines* v. *City of Newburgh*, 234 App. Div. 389). Plaintiffs' time to serve the bill of particulars is extended until 20 days after entry of the order hereon. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.