Clarence J. Henry, J.
The complaint herein sets forth four causes of action against the defendants Ford Motor Company and Douglas W. Van Etten, Sr. (an authorized Ford dealer), whereby the plaintiff, individually and as administrator, seeks to recover damages in connection with the death of his wife and injuries to his so-called Comet automobile, manufactured by the first-named defendant and sold to the plaintiff by the second defendant. The allegations of the complaint charge, substantially, that on October 2, 1960, while the said automobile was being operated carefully by the plaintiff’s wife, a defect in its mechanism caused it to run onto the “wrong” side of State Highway Route 15 in the County of Steuben and collide with a tractor trailer; that the existence of the defect was owing to negligence on the part of both defendants, in manufacturing and servicing respectively.
The action was commenced on or about September 4, 1962. On October 22, 1962, coincident with the service of the answer, the defendant Ford Motor Company demanded a bill of particulars. The bill of particulars was served on or about November 5,1962, and the defendant Ford Motor Company now moves for an order requiring the plaintiff to furnish a further bill.
To insure clarity and certainty, each demand is exactly set forth, paired with the responding item of the bill of particulars, as follows:
demand. “1. A detailed and specific statement specifying which parts of the auto plaintiffs claim were improperly connected, assembled, machined, or manufactured.”
bill OF particulars. “1. In reply to paragraph number 1 of Defendant’s demand, refers to paragraph 9 of Plaintiff’s complaint contained, and states that the parts of automobile improperly connected, assembled, machined and manufactured were the slip yoke, drive shaft assembly, universal joint assembly and transmission, commonly referred to as the ‘ drive line ’ and more particularly the parts referred to as the companion flange assembly, the U-bolts, snap rings and spiders with accompanying nuts, washers, bearings, packings and seals and being part of what is commonly referred to as the ‘ Drive Shaft and Universal Joint Assembly’.”
demand. “ 2. A detailed and specific statement specifying how and in What manner plaintiffs claim each such part was improperly connected, assembled, machined or manufactured and how and in what manner it was weak.”
*530 bill of pabticulabs. “2. In reply to paragraph number 2 of Defendant’s demand, refers to Paragraph 9 of Plaintiff's complaint contained, and states that the parts referred to in Paragraph number 1 hereof were manufactured with unsafe, defective and inferior materials unsuitable for the purpose for which they were meant, and that such parts were machined in such a manner as to canse severe strain on these already weak and defective parts, and in particular, the U-bolts, the design and manufacture of which rendered them more susceptible to fatigue failure by virtue of this formation and design, thereby increasing the danger of and the possibility of metal failure by fatigue, and when assembled created a dangerous condition because of the increased possibility of metal failure, rendering the automobile unsafe for the purpose for which it was intended, to wit, for the running of said automobile at various speeds on ordinary highways/’
demand. “ 3. A detailed and specific statement specifying the parts of the auto plaintiffs claim were made of inferior, unsuitable or unsafe materials.” bill of pabticulabs. “3. In reply to paragraph number 3 of Defendant’s demand, refers to paragraph 9 of Plaintiff’s complaint contained and paragraphs 1 and 2 hereof.”
demand. "4. A detailed and specific statement specifying exactly how and in what manner such material in each part was inferior, unsuitable or unsafe and the exact nature of any defect in each such part.” bill of pabticulabs. “4. In reply to paragraph number 4 of Defendant’s demand, refers to paragraph 9 of Plaintiff’s complaint and paragraphs 1 and 2 hereof.”
The well-recognized purpose of a bill of particulars is to limit and, in a measure, formulate the issues which the trial of the action is to determine, and, with reasonable designation, inform the defendant of the nature of the plaintiff’s claim without undue restriction upon the latter. Examination of the above set forth items satisfies that the several demands are properly pointed toward that end hut that the corresponding items of the bill are too broadly stated. It would seem that the plaintiff, more than two years after the occurrence of the accident giving rise to the action, should know and be in a position specifically to indicate the exact faults in the automobile upon which he expects to support his claims. If the above items of the hill were permitted to stand the defendant would be faced with a bewildering, speculative search through literally hundreds of automotive parts on the rather elusive hope of locating that particular part or parts which the plaintiff’s proof will eventually indicate as faulty through negligence. It is not reasonable to require such exhaustive, and perhaps principally futile preparation for trial, at a time when the plaintiff has had ample opportunity to solidify the basis of his claim. Under the circumstances presented herein the defendant is entitled to a more closely defined claim (see Drake v, National Motor Car & Vehicle Corp., 195 App. Div. 113).
Should the plaintiff not be in possession of any of the particulars hereinafter directed, a statement to that effect shonld he *531 included in the further bill of particulars (Parker-Lauer Realty Co. v. Long Island R. R. Co., 263 App. Div. 955; Matter of May, 17 AD 2d 729).
The motion of the defendant Ford Motor Company is granted, with $10 costs, and the plaintiff is directed to serve, within 10 days after service of a copy of the order hereon, together with notice of entry thereof, a further bill of particulars setting forth specific statements as to: (1) what part or parts (as against assemblies or combinations) of the plaintiff’s automobile are claimed to have been improperly connected or assembled, and in what manner; (2) what part or parts of the plaintiff’s automobile are claimed to have been improperly machined or manufactured, and in what manner; (3) what part or parts of the plaintiff’s automobile are claimed to have been made with unsafe, unsuitable, defective and inferior materials, and the nature of the claimed defect.