■ GREGORY MASSIE, Respondent, v. GENERAL MOTORS CORPORATION et al., Appellants.— Orders, Supreme Court, New York County, each entered January 16, 1973, unanimously modified, on the law and the facts and in the exercise of discretion, to require plaintiff-respondent to furnish further particulars to defendant-appellant General Motors answering demand items numbers 9 and 10, and to furnish further particulars to defendant-appellant Halstead answering demand item number 7, and otherwise affirmed, without costs and without disbursements. The particulars as furnished speak in generalities; they should specify in greater detail what automobile parts were allegedly defective and unsafe. Of course, should plaintiff be without specific knowledge of the subject matter, that fact may be stated in affidavit form. Concur— McGivern, J. P., Markewich, Nunez, Kupferman and Tilzer, JJ.

■ PEARL REINFELD et al., Appellants, v. 325 WEST END CORPORATION et al., Respondents.— Appeal from order, Supreme Court, New York County, entered April 26, 1973, unanimously dismissed as untimely, without costs and without disbursements. The notice of appeal was filed more than 30 days after service of a copy of the order appealed from, with notice of entry. A motion to dismiss was granted unless the appeal was perfected for a stated term and it was so perfected. However, that time limitation (CPLR 5513, subd. [a]) could not thereby be waived. (See 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5513.02.) Nor does this situation fall within any of the exceptions set forth in CPLR 5514, 5520, or 1022. If we did not dismiss, we would affirm on the merits. Concur—Markewich, J. P., Nunez, Kupferman, Lane and Capozzoli, JJ.