MARIE LYTTLE et al., Respondents, v ROSE BRISKMAN et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Nassau County, dated March 19, 1974, which denied their motion to vacate the statement of readiness and to strike the action from the Trial Calendar, or, alternatively, to reserve their right to complete preliminary prcceedings. Order modified by adding to the provision that the motion is "denied" the following: "as to that branch of the motion which seeks to have the statement of readiness vacated and the action stricken from the Trial Calendar, and granted as to that branch of the motion which seeks a reservation of defendants' rights to complete preliminary proceedings, to the extent that defendants may proceed with the examination before trial of plaintiff Marie Lyttle, which examination shall be concluded at least 10 days prior to the trial." As so modified, order affirmed, without costs. Defendants made early and timely demand for the examination before trial and plaintiffs consent thereto. Martuscello, Acting P. J., Latham, Cohalan, Christ and Munder, JJ., concur.

ANNETTE R. MENDELSON, Respondent, v AUTO-MAGIC DOOR OPENER CORP., Defendant, and LONGVIEW TERRACE COMPANY, Appellant.—In an action to recover damages for breach of warranty and negligence, the appeal is from an order of the Supreme Court, Westchester County, entered January 30, 1975, which granted plaintiff's motion to vacate paragraph 6 of appellant's demand for a bill of particulars. Order reversed, with $20 costs and disbursements, and motion denied. In this personal injury action, one cause of action is based upon the alleged negligence of appellant. Accordingly, appellant is entitled to know, by way of a bill of particulars: "The acts and/or omissions alleged to constitute the negligence of [appellant.]" (Schnell v New York Tel. Co., 12 AD2d 523). Rabin, Acting P. J., Hopkins, Latham, Cohalan and Christ, JJ., concur.