■ PETER B. BELL et al., Respondents, v TOYOTA et al., Appellants.— Order, Supreme Court, New York County, entered February 16, 1978, denying defendants' motion to preclude plaintiffs from offering evidence as to those items in defendants' demand for a bill of particulars for which allegedly inadequate answers were given, or, in the alternative, for a further bill, is unanimously reversed, on the law and the facts and in the

586

exercise of discretion, with $40 costs and disbursements of this appeal to appellants, and defendants' motion is granted to the extent of directing plaintiffs to serve a further bill of particulars with respect to items Nos. 13, 15, 16, 20, 22, 23, 24 and 26. Such further bill is to be served within 20 days after service by appellants upon respondents of a copy of the order to be entered hereon with notice of entry. The purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise, and CPLR 3013 is clear that statements in a pleading shall be sufficiently particular to give the court and parties notice of the transaction, occurrences or series of transactions and occurrences intended to be proved. The trial court, in denying the motion, said that "The demand herein ranges so far beyond legislative guidelines that the Court will not, at this juncture, preclude plaintiff from offering evidence on his answers thereto." The court's reference to legislative guidelines pertains to CPLR 3043 which codifies the particulars which may be required. CPLR 3043 was not meant to nullify CPLR 3013 which requires particularity of the pleadings, but to outline generally what may be required. The plaintiffs' responses here were so overbroad and lacking in particularity that they fail to give the court and parties notice of the occurrences sought to be proved. (See *Cornachio v General Motors Corp.,* 63 AD2d 941.) In *Nelson v New York Univ. Med. Center* (51 AD2d 352, 355), this court held that "we think defendants are entitled to the fullest bill of particulars, and that the court should err on the side of requiring more rather than less information to be furnished." If the information is not available to plaintiff, a simple statement under oath to that effect to be followed by a prompt supplementary bill if and when the information becomes available, would be sufficient. (See *King v Morris,* 57 AD2d 529.) Concur—Murphy, P. J., Kupferman, Birns, Evans and Sullivan, JJ.