■ LINDA M. PALDINO et al., Plaintiffs, v E. J. KORVETTES, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. TOYO TIRE U. S. A. CORP., Third-Party Defendant-Appellant, et al., Third-Party Defendant.—In an action to recover damages for personal injuries, etc., third-party defend-

ant Toyo Tire U. S. A. Corp. appeals from an order of the Supreme Court, Westchester County, dated April 18, 1978, which denied its motion to preclude defendants from offering evidence as to certain items in their bill of particulars or, in the alternative, to direct defendants to serve a further bill of particulars. Order reversed, with $50 costs and disbursements and motion granted to the extent that defendants are directed to furnish a further bill of particulars setting forth the alleged nature of the defect in the sidewall of the tire; in the event defendants lack such knowledge, they should so state under oath and if they later discover knowledge of the nature of the defect, they should move for leave to serve a supplemental bill. Defendants' time to serve the further bill of particulars is extended until 30 days after service upon them of a copy of the order to be entered hereon, with notice of entry thereof. It is well settled that the object of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at the trial (see *Solomon v Travelers Fire Ins. Co.,* 5 AD2d 1017). Moreover, where a party's conduct is claimed to have been negligent, as appellant's was here, he is entitled to particulars as to the specific acts of negligence which will be claimed (see *Schnell v New York Tel. Co.,* 12 AD2d 523). Although the bill of particulars previously furnished by defendants specifically describes the defective part of the automobile, it is overbroad in describing the nature of the alleged negligence or defect. Defendants describe the defect and negligence as follows: "The tire was improperly designed, engineered, inspected, tested, manufactured, fabricated, constructed and assembled; so that the sidewall plies separated." Defendants go on to claim that the tire was carelessly manufactured with materials of unsafe quality and that the tire was marketed without appropriate warnings to the consumer who would be adversely affected by its use. Defendants should particularize the facts they intend to rely upon in order to avoid undue prejudice or surprise to the appellant at the trial. (See *Solomon v Travelers Fire Ins. Co., supra.)* Liberality in granting bills of particulars and full disclosure is the public policy of the State (see CPLR 3101; *Elman v Ziegfeld,* 200 App Div 494). The granting of a bill of particulars depends upon what the aggrieved party claims the facts are and not upon the actual facts, or the adversary's knowledge of those facts. Cohalan, J. P., Margett, Hawkins and O'Connor, JJ., concur.