■ JACK BERGMAN, Respondent, v GENERAL MOTORS CORPORATION, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, defendant General Motors Corporation (GM) appeals, as limited by its notice of appeal and its brief, from so much of an order of the Supreme Court, Nassau County, dated September 27, 1979, as denied its motion for an order of preclusion or, in the alternative, for a further bill of particulars as to Items Nos. 23 and 26 of its demand. Order reversed insofar as appealed from, without costs or disbursements, and GM's motion is further granted to the extent that plaintiff is required to furnish a further bill of particulars with respect to Items Nos. 23 and 26 of the demand. Said further bill of particulars is to be served by the plaintiff within 30 days after service upon him of a copy of the order to be entered hereon, together with notice of entry thereof. It is well settled that the object of a bill of particulars is to amplify the pleadings, limit the proof, and prevent surprise at trial. Furthermore, a party is entitled to particulars of his specific acts where such acts are claimed to be negligent (see *Paldino v E. J. Korvettes, Inc.,* 65 AD2d 617). Although plaintiff did furnish a bill of particulars as to the alleged negligent acts of GM and the defective aspects of its automobile, we find the statements therein to be conclusory and general. Such a bill does not, in our view, satisfy the objective of a bill of particulars. In addition, this court has condemned the practice of failing to object to the propriety of a demand until a motion to preclude is made. Under such circumstances, which exist

in the instant case, the items of the demand will be allowed unless "palpably improper" (see *Tafoya v Becker,* 61 AD2d 795; *Goldstein v Brogan Cadillac Oldsmobile Corp.,* 46 AD2d 799). Since we do not find GM's demand to be "palpably improper" plaintiff must answer it with the specificity demanded by GM. Titone, J. P., Cohalan, Martuscello and O'Connor, JJ., concur.