■ ROBERT GAYE, Respondent, v IVOR GRIFFITH et al., Defendants, and GENERAL MOTORS CORPORATION (BUICK MOTORS DIVISION), Appellant. — In a personal injury action based on negligence, strict liability and breach of warranty, defendant General Motors Corporation (Buick Motor Division) appeals from an order of the Supreme Court, Kings County (Adler, J.), dated June 1, 1981, which denied its motion to preclude plaintiff from presenting evidence at trial with respect to Item No. 11 of said defendant's demand for a verified bill of particulars or, in the alternative, to compel plaintiff to serve a further bill of particulars. Order modified by adding thereto a provision that plaintiff shall be required to serve a supplemental bill of particulars at such time as he has knowledge of the information requested by defendant General Motors Corporation in Item No. 11 of its demand for a verified bill of particulars. As so modified, order affirmed, without costs or disbursements. Plaintiff's responses to Item No. 11 of appellant's demand were unsatisfactory. The statements contained in plaintiff's bill of particulars were general and conclusory. They failed to adequately inform appellant of the nature of the alleged defects (see *Bergman v General Motors Corp.,* 74 AD2d 886; *Paldino v E. J. Korvettes, Inc.,* 65 AD2d 617; *Tuma v Ford Motor Co.,* 38 Misc 2d 528). In

the instant case, plaintiff has submitted an affirmation in opposition to appellant's motion, stating that he lacks further knowledge of the defects. Consequently, appellant is not entitled to a further bill of particulars at this time. If, at a later time, plaintiff obtains the information sought, he will be required to furnish a supplementary bill of particulars containing the requested information (see *Zweig v General Motors Corp.*, 65 AD2d 602; *Bell v Toyota*, 64 AD2d 585; *Massie v General Motors Corp.*, 43 AD2d 671). Hopkins, J. P., Titone, Rabin and Weinstein, JJ., concur.