■ HECTOR RUIZ, an Infant, by His Mother and Natural Guardian, ANGELINA GONZALEZ, et al., Respondents, v GENERAL MOTORS CORPORATION, Appellant, et al., Defendants. — Order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered on June 21, 1983, which denied the motion by defendant General Motors Corporation for an order of preclusion or, in the alternative, directing plaintiffs to serve a further bill of particulars as to certain specified items, is affirmed, with costs and disbursements. ¶ Plaintiffs' answers to items Nos. 7 and 8 of the bill of particulars submitted by defendant General Motors Corporation are sufficiently responsive to apprise defendant of the alleged defects in the automobile in question and the manner in which the vehicle malfunctioned and, consequently, to prevent any undue surprise at trial. Although the answer to item No. 9 does appear to be overly broad, Special Term has permitted defendant to further depose plaintiff in order to obtain the information sought and has indicated a willingness to entertain a renewal of defendant's motion in the future in the event that plaintiffs' response remains inadequate. Under the circumstances, Special Term's denial of defendant's motion did not constitute an abuse of discretion. Concur — Sandler, Carro and Milonas, JJ.

Murphy, P. J., dissents in a memorandum as follows: Plaintiff Hector Ruiz, a parking garage attendant, was injured on March 12, 1974, when a vehicle, owned by defendant Friedman and manufactured by the General Motors Corporation (GM), accelerated in reverse. The vehicle cracked through a brick wall and fell four floors to the ground. Plaintiff seeks damages for personal injuries on theories of negligence, breach of warranty and strict product liability. In this type of proceeding, the manufacturer is normally entitled to a "full" bill of particulars (*Bell v Toyota*, 64 AD2d 585). In this proceeding, a detailed bill of particulars is most appropriate because GM did not have an opportunity to inspect the car before it was destroyed. ¶ Items Nos. 7 and 8 in the amended bill do not specify all the defects in the vehicle. The plaintiffs

should be directed to serve a more detailed response to demands 7 and 8 in the bill of particulars. The plaintiffs should specify, *inter alia,* the defects in (i) the throttle mechanism and its appurtenant parts and (ii) the acceleration system and its appurtenant parts. With regard to those defects that are specified, plaintiffs should also indicate whether the defects are in (i) design, or (ii) manufacture or (iii) both design and manufacture.