■ NANCY MOORE et al., Respondents, et al., Plaintiff, v CHRYSLER CORPORATION, Appellant, et al., Defendant. — In an action to recover damages, *inter alia,* for personal injuries based upon allegations of negligence, breach of warranty and strict products liability, defendant Chrysler Corporation appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Kelly, J.), entered August 29, 1983, as denied its motion for a further bill of particulars regarding items Nos. 38 and 44 of its demand. ¶ Order modified by deleting therefrom the provision denying in its entirety so much of the appellant's motion as concerned items Nos. 38 and 44 of its demand for a bill of particulars and substituting therefor a provision granting that aspect of the appellant's motion to the extent of requiring the plaintiffs Moore to serve a further bill of particulars with respect to items Nos. 38 and 44 (a) of the appellant's demand and in the event that the plaintiffs Moore presently lack sufficient knowledge to comply with the foregoing directive, they shall state so under oath, and shall promptly serve a supplemental bill of particulars upon the appellant if and when the requisite knowledge to answer these questions, as well as the questions propounded in item No. 44 (b) through (e) of the appellant's demand, is acquired. As so modified, order affirmed, insofar as appealed from, without costs or disbursements, and the time for the plaintiffs Moore to comply with the above requirements is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. ¶ In view of the well-established purpose of a bill of particulars to amplify the pleadings, limit the proof and prevent surprise at trial (see *Bergman v General Motors Corp.,* 74 AD2d 886; *Paldino v E.J. Korvettes, Inc.,* 65 AD2d 617), we have reached the conclusion that the responses of the plaintiffs Moore to the above-numbered demands are overly broad and conclusory, and do not adequately inform the appellant regarding, e.g., the allegedly defective parts of the automobile which are claimed to have caused plaintiff Nancy Moore's injury. Thus, for example, the inclusion by the plaintiffs Moore of the "[e]ngine compartment" among their inventory of the defectively designed and manufactured parts of an automobile which allegedly burst into flames while being properly operated is so general as to be virtually useless to the appellant (see, e.g., *Blumenstock v General Motors Corp.,* 88 AD2d 607; *Bergman v General Motors Corp., supra; Zweig v General Motors Corp.,* 65 AD2d 602; see, also, *Padro v Boulevard Hosp.,* 92 AD2d 888). Moreover, where, as here, a party's conduct is alleged to have been negligent, "he is entitled to particulars as to the specific acts of negligence which will be claimed" (*Paldino v E.J. Korvettes, Inc., supra,* p 618; *Bergman v General Motors Corp., supra*). ¶ In the event that the plaintiffs Moore are

presently without sufficient knowledge to answer the above-numbered demands more fully, they need only state so under oath as they did with regard to item No. 44 (b) through (e) of the appellant's demand, and furnish the appellant with a supplementary bill of particulars when and if they acquire the requisite knowledge (see *Paldino v E.J. Korvettes, Inc., supra; Zweig v General Motors Corp., supra;* see, also, *Gaye v Griffith,* 83 AD2d 956). Lazer, J. P., Gibbons, Bracken and Lawrence, JJ., concur.