PAMELA J. HUGHES et al., Respondents, v GENERAL MOTORS CORPORATION, Appellant, et al., Defendants. — Appeal from an amended order of the Supreme Court at Special Term (Dier, J.), entered February 27, 1984 in St. Lawrence County, which granted defendant General Motors Corporation's motion for reargument and, upon reargument, adhered to its original decision denying defendant's motion to require plaintiffs to serve a further bill of particulars.

The events giving rise to this personal injury suit occurred on November 9, 1980 in the Town of Waddington, St. Lawrence County, when the 1973 Chevrolet driven by plaintiff Pamela J. Hughes went out of control, left the road and overturned. Plaintiff claims that the cause of the accident was a malfunction in the driver's seat which had suddenly swiveled and turned, causing her to lose control of the vehicle. Plaintiff and her husband subsequently brought suit against, *inter alia,* General Motors Corporation (GM), the automobile's manufacturer. Following its receipt of plaintiffs' bill of particulars, GM moved for an order of preclusion or, in the alternative, for a further bill of particulars, claiming that plaintiffs' responses to demands numbered 3 through 17 and 33 through 46 were inadequate in that plaintiffs had failed to particularize the nature of the specific acts of negligence with which they were charging GM. Special Term denied the motion and this appeal ensued.

It is GM's contention on this appeal that the answers objected to in plaintiffs' bill of particulars are so broad and conclusory that the document fails to fulfill its statutory role of amplifying the pleadings, preventing surprise at trial, limiting the proof and enabling the preparation of a defense (CPLR 3013, 3043; *Paldino v E. J. Korvettes, Inc.,* 65 AD2d 617, 618). Our examination of the responses objected to discloses that plaintiffs have particularized the acts of negligence with which they are charging GM. However, they have failed to specify in what respects the seat mechanism was defective. While it may be that plaintiffs have not arrived at a stage in the preparation of their case

where they can determine this information, when they do ascertain this data, GM is entitled to further discovery thereof (see *Bergman v General Motors Corp.,* 74 AD2d 886; *Paldino v E. J. Korvettes, Inc., supra).* Accordingly, we direct plaintiffs either to furnish this particular to GM or to make a simple statement under oath to the effect that detailed information concerning the defect in the seat mechanism is not now available to plaintiffs. The latter statement is to be followed by a supplementary bill of particulars within 90 days of notice of entry of the order herein.

Order modified, on the law, without costs, by directing that plaintiffs submit to defendant General Motors Corporation further particulars as to the nature of the defect in the seat mechanism of the vehicle or a statement under oath that they do not now possess the information required to answer the same, in which event they shall serve a supplemental bill of particulars within 90 days of notice of entry of the order herein, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.