■ SHARON GAUSNEY, Respondent, v GENERAL MOTORS CORPORATION, Appellant, et al., Defendant.—In an action to recover damages for personal injuries, defendant General Motors Corporation (hereinafter G. M.) appeals, as limited by its

notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Buschmann, J.), dated April 2, 1984, as denied so much of its motion as was (1) to preclude plaintiff from giving evidence at trial with respect to those matters covered by items 12, 15, 16 and 17 of its demand for a bill of particulars, or, alternatively, for a direction that plaintiff serve a further bill of particulars with respect thereto, and (2) to compel compliance with its notice for discovery and inspection.

Order reversed, insofar as appealed from, with costs, that branch of G. M.'s motion which was to preclude plaintiff from giving evidence at trial, or, alternatively, to direct the service of a further bill of particulars regarding items 12, 15, 16 and 17 of its demand, is granted to the extent that plaintiff is precluded from adducing evidence at trial with respect to the matters covered by items 12, 15, 16 and 17 of G. M.'s demand for a bill of particulars unless she serves a further bill of particulars with respect to those items, or in the event that she lacks sufficient knowledge to answer said items of G. M.'s demand, she serve an affidavit to that effect and thereafter promptly serve a supplemental bill of particulars upon G. M. if and when the requisite knowledge to answer those items of the demand is acquired; and that branch of G. M.'s motion which was to compel compliance with its notice for discovery and inspection is granted. Plaintiff's time to serve her further bill of particulars or affidavit, and to comply with G. M.'s notice for discovery and inspection, is extended until 30 days after service upon her of a copy of the order to be made hereon, with notice of entry.

The answers to items 12, 15, 16 and 17 of G. M.'s demand, which were provided by plaintiff in her bill of particulars, are overly broad, vague and conclusory, and do not fulfill the purposes of a bill of particulars, i.e., to amplify the pleadings, limit the proof and prevent surprise at trial (see, Hughes v General Motors Corp., 106 AD2d 703; Moore v Chrysler Corp., 100 AD2d 955; Bergman v General Motors Corp., 74 AD2d 886; Paldino v E. J. Korvettes, Inc., 65 AD2d 617). In the event that plaintiff presently lacks sufficient knowledge to respond to those items of G. M.'s demand, she must so state, under oath, and she must properly serve a further bill upon G. M. if and when the requisite knowledge to answer them is acquired (see, Hughes v General Motors Corp., supra; Moore v Chrysler Corp., supra; Paldino v E. J. Korvettes, Inc., supra).

In addition, plaintiff has not challenged the validity of the notice for discovery and inspection (CPLR 3120) served by

G. M., nor has she offered any excuse for her failure to comply therewith. Accordingly, that branch of the motion which was made pursuant to CPLR 3124 to compel compliance with the notice should have been granted. Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.