■ KATHLEEN SCOTT et al., Respondents, v GENERAL MOTORS CORPORATION et al., Appellants, et al., Defendants.—In an action to recover damages for personal injuries, defendants General Motors Corporation and South Shore Pontiac Company, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated May 21, 1985, as denied their cross motion for an order of preclusion against plaintiffs for their failure to comply with a prior court order directing them to supply further particulars.

Order modified by deleting the provisions denying in its entirety the cross motion for an order of preclusion with respect to items Nos. 7 (b), 9, 10, 12 and 13 of the demand for a bill of particulars and substituting therefor a provision granting so much of appellants' motion to preclude as pertains to items Nos. 9, 12 and 13 unless plaintiffs serve a further bill of particulars with respect to those items and, in the event that plaintiffs presently lack sufficient knowledge to furnish particulars with respect thereto, they shall state so under oath and shall promptly serve a further supplemental bill of particulars upon appellants if and when the requisite knowledge to answer these items of the demand is acquired. As so modified, order affirmed, insofar as appealed from, with costs to appellants. The plaintiffs' time to comply with the above requirements is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry.

In light of the well-settled purpose of a bill of particulars to amplify the pleadings, limit the proof and prevent surprise at trial *(see, Bergman v General Motors Corp.,* 74 AD2d 886; *Paldino v E. J. Korvettes, Inc.,* 65 AD2d 617), we conclude that the responses of plaintiffs to the above-numbered demands are overly broad and conclusory and fail to adequately inform appellants of the alleged defects in the subject automobile *(see, Moore v Chrysler Corp.,* 100 AD2d 955). The plaintiffs' underlying premise is that the transmission on the subject vehicle was defective since said vehicle rolled after it was shifted into park. Said information is so general as to be virtually useless to appellants *(see, Moore v Chrysler Corp., supra; Finkel v Katz,* 84 AD2d 730). Accordingly, plaintiffs are

directed to serve a further bill of particulars with respect to items Nos. 9, 12, and 13 or face preclusion as to those items of the demand.

We have considered the appellants' remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.