■ RONALD KAIRE, Appellant, v TRUMP MANAGEMENT, INC., et al., Defendants, and ARMOR ELEVATOR COMPANY, INC., Respondent. (And a Third-Party Action.)

After the defendant Armor received the plaintiff's bill of particulars, it moved for preclusion as to item No. 3 with respect to the specific acts of negligence claimed as against it. Such motion was conditionally granted, on default, by order dated December 19, 1984 (Scholnick, J.).

On April 30, 1986, the plaintiff served a bill of particulars which was totally unresponsive to item No. 3 and the prior court order. Armor then moved, *inter alia,* for a final order of preclusion and judgment dismissing the complaint or for a further responsive bill of particulars. The plaintiff cross-moved for examinations before trial of the defendants and opposed Armor's motion. A supplemental bill of particulars, dated June 1986, and annexed to the reply affirmation of the plaintiff's attorney, was served on Armor but was rejected by Armor by letter dated June 12, 1986.

By order dated June 26, 1986 (Levine, J.), Armor's motion was, *inter alia,* denied on the condition that the plaintiff serve a further bill of particulars as to item No. 3 and pay the sum of $500 to Armor's attorneys as costs and sanctions for failing to comply with the prior court order.

Thereafter, the plaintiff served a supplemental bill of particulars which was identical to the previous supplemental bill, dated June 1986. Armor again moved for a final order of preclusion and summary judgment dismissing the complaint. The motion was granted by order dated March 20, 1987 (Levine, J.). The plaintiff appeals from this order.

We find that the Supreme Court properly exercised its discretion in granting a final order of preclusion and summary judgment dismissing the complaint as against Armor.

Here, the plaintiff defaulted on Armor's first motion and failed to comply with the conditional preclusion order which resulted therefrom. The second conditional order of preclusion granted the plaintiff another opportunity to provide Armor with a responsive bill of particulars. Instead, the plaintiff served a supplemental bill of particulars which merely reiterated the general and conclusory allegations set forth in the complaint with respect to the claimed negligence of Armor.

The plaintiff's attempt to reserve a right to serve a subsequent supplemental bill of particulars, claiming lack of sufficient knowledge, was improper as no affirmative statement by the plaintiff, under oath, with respect thereto appears in the record *(see, Scott v General Motors Corp.,* 117 AD2d 662; *Moore v Chrysler Corp.,* 100 AD2d 955; *Matter of May,* 17 AD2d 729).

Although the plaintiff had indicated his intention to rely upon the doctrine of res ipsa loquitur, it is not clear from the complaint or the supplemental bill of particulars that the plaintiff intended to rely solely upon that theory of liability. The defendant Armor was, therefore, entitled to particulars as to the specific acts of negligence alleged against it *(see, Cherhit v General Lbr. Corp.,* 12 AD2d 637; *Schnell v New York Tel. Co.,* 12 AD2d 523).

Based upon the plaintiff's failure to comply with the prior conditional orders of preclusion, the granting of a final order of preclusion and summary judgment dismissing the complaint was appropriate under the circumstances *(see, Le Frois Foods Corp. v Policy Advancing Corp.,* 59 AD2d 1013). Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.