■ IRVING GROSS et al., Respondents, v EDMER SANITARY SUPPLY COMPANY, INC., Defendant, and BUCKINGHAM WAX CO., INC., Appellant.—In a products liability action to recover damages for personal injuries, etc., the defendant Buckingham Wax Co., Inc. appeals from so much of an order of the Supreme Court, Nassau County (Wager, J.), dated December 8, 1988, as denied its motion to preclude the plaintiffs from offering any evidence at the trial of this action with respect to certain items requested in its demand for a verified bill of particulars, or, in the alternative, to require the plaintiffs to furnish a further verified bill of particulars, and to strike and vacate certain portions of the plaintiffs' original bill of particulars.

Ordered that the order is modified, on the law, by deleting the second paragraph thereof which begins "The motion by defendant Buckingham Wax Co., Inc. seeking an order of preclusion or a further bill of particulars is denied" and substituting therefor the following: "The motion by the defendant Buckingham Wax Co., Inc. seeking an order of preclusion or a further bill of particulars is granted to the extent that the plaintiffs are to provide it with a further bill of particulars which (1) specifically identifies the product, products or combination of products referred to in each particular, (2) sets forth the specific nature of the defect(s) claimed with respect to such products or a statement under oath that they do not now

possess the information required to answer the same, (3) with respect to item number 19 (b), sets forth the specific warnings in the material safety data sheet upon which plaintiffs intend to rely at the trial, and (4) sets forth, under item number 23, the amounts of special damages presently claimed by them; in the event that special damages continue to accrue, the plaintiffs are directed to provide the defendant Buckingham Wax Co., Inc. with any such further amounts claimed no later than 30 days prior to trial, and in the event that the plaintiffs receive information which they do not now possess and which is needed to set forth the specific nature of the defect or defects claimed in the product, products or combination of products referred to in each particular, the plaintiffs are directed to serve a supplemental bill of particulars with respect thereto no later than 30 days prior to trial"; and it is further,

Ordered that as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiffs' time to furnish a further bill of particulars is extended until 90 days after service upon them of a copy of this decision and order, with notice of entry.

The injuries sustained by the plaintiff Irving Gross are alleged to have resulted from his being burned by a chemical cleaning product or combination of products. The plaintiffs charge the defendant Buckingham Wax Co., Inc. with negligence, breach of warranty and strict products liability. They also contend that there were manufacturing and design defects in addition to a failure to properly label and warn.

It is well settled that the object of a bill of particulars is to amplify the pleadings, limit the proof, and prevent surprise at trial. A party is entitled to particulars of his specific acts where such acts are claimed to be negligent (see, Bergman v General Motors Corp., 74 AD2d 886; Paldino v E. J. Korvettes, Inc., 65 AD2d 617).

Initially, we note that it is not clear from the pleadings or the original bill of particulars whether the plaintiffs are claiming that any one specific product or a combination of products was the cause of the plaintiff's injuries. Therefore, we direct the plaintiffs to indicate the specific name of the product or products, and/or any combination thereof, referred to in each particular.

In response to appellant's demand for specification of the allegedly defective nature of its product or products, the

plaintiffs' responses were overly broad and conclusory and failed to adequately inform the appellant of the alleged defects *(see, Bergman v General Motors Corp., supra; Paldino v E. J. Korvettes, Inc., supra; Scott v General Motors Corp.,* 117 AD2d 662; *Pole v Frame Chevrolet,* 126 AD2d 531; *Gausney v General Motors Corp.,* 115 AD2d 455, 456; *Moore v Chrysler Corp.,* 100 AD2d 955).

The appellant is entitled to know, in item 23, the present amount of special damages which the plaintiffs are claiming *(see,* CPLR 3043 [a] [9]). With respect to any future claims which may accrue due to continuing medical treatment, the plaintiffs are to provide the defendant with such updated amounts.

While we agree that the attachment of and reference to the material safety data sheet was not so improper as to warrant striking it, we find that, under item 19 (b), the plaintiffs should have set forth the specific warnings contained in a "material safety data sheet" which they claim should have been given by the appellant. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.