■ JUANA RODRIGUEZ, Respondent, v SERGE ELEVATORS COMPANY, INC., Appellant. [737 NYS2d 383] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated March 14, 2001, which denied its motion, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced this action to recover damages for personal injuries when the elevator in which she was a passenger experienced two "harsh movements," shook, and descended rapidly. She also claimed she injured her knee when, as she attempted to exit, the elevator doors closed too quickly. The elevator, one of two service elevators at the premises, was maintained by the defendant Serge Elevator Company, Inc. (hereinafter Serge).

The plaintiff, inter alia, relied on the theory of res ipsa loquitur. Serge moved for summary judgment on the ground that the plaintiff failed to identify the elevator in which the accident occurred. The Supreme Court denied Serge's motion for summary judgment. We reverse.

To prove liability based on a theory of res ipsa loquitur a plaintiff must establish that (1) the event was of a kind which ordinarily does not occur in the absence of someone's negligence, (2) the agency or instrumentality which caused the event is within the exclusive control of the defendant, and (3) the event was not due to any voluntary action or contribution on the part of the plaintiff (*see, Cacciolo v Port Auth. of N.Y. & N.J.,* 186 AD2d 528; *see also, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219). We agree with Serge's contention that the plaintiff's inability to identify the service elevator where the accident occurred precludes the invocation of the doctrine of res ipsa loquitur.

To the extent that the complaint was based on a theory that Serge was negligent in the maintenance of the elevators, Serge was also entitled to summary judgment as the plaintiff failed to establish any specific acts of negligence on its part (*see, Valentine v Armor El. Co.,* 155 AD2d 597; *Kaire v Trump Mgt.,* 140 AD2d 494).

Accordingly, Serge's motion for summary judgment should have been granted. Florio, J.P., Goldstein, McGinity and H. Miller, JJ., concur.