Intrepid Invs., LLC v Selling Source, LLC (2023 NY Slip Op 00396)

Intrepid Invs., LLC v Selling Source, LLC

2023 NY Slip Op 00396

Decided on January 31, 2023

Appellate Division, First Department

MANZANET-DANIELS, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 31, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels
Barbara R. Kapnick Anil C. Singh Manuel Mendez Julio Rodriguez III

Index No. 654291/13, 650641/19 Appeal No. 17073 Case No. 2021-03229 

[*1]Intrepid Investments, LLC etc., Plaintiff-Appellant,
v
Selling Source, LLC et al., Defendants-Respondents, John Doe Lenders 1-20, Defendants.
Intrepid Investments, LLC etc., Plaintiff-Appellant,
v
Selling Source, LLC et al., Defendants-Respondents.

Plaintiff appeals from the order of the Supreme Court, New York County (Joel M. Cohen, J.), entered July 20, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment and granted defendants' motion for summary judgment dismissing the complaint.

Press Koral LLP, New York (Jason M. Koral of counsel), and Greenberg Traurig, P.A., Miami, FL (Elliot H. Scherker and Brigid F. Cech of the bar of the State of Florida, admitted pro hac vice), of counsel, for appellant.
Susman Godfrey L.L.P., New York (Mark H. Hatch-Miller and Komal Patel of counsel), for Selling Source, LLC, London Bay-TSS Acquisition Company, LLC, Datax, LTD., Partnerweekly, L.L.C., Leadrev Holding, LLC, 19 Communications, LLC, Idesktopmedia.com, LLC, Email React, LLC, FPG, LLC, Impeerian Insurance Agency of Nevada, LLC, Lead Silo, LLC, Mark Holdings, LLC, Q Interactive LLC, Kitara Media, LLC, Clickgen, LLC, OG Logistics, LLC, Duck Play, LLC, Play Nomy, LLC, and Play Turtle, LLC, respondents.
Lundin PLLC, New York (Niall D. Ó. Murchadha, John M. Lundin and Cynthia L. Botello of counsel), for White Oak Global, respondent.

MANZANET-DANIELS, J. 

In 2007 and 2008, defendant Selling Source, an Internet marketing company, obtained secured loans from the Bank of New York Mellon and associated lenders, with Selling Source and related corporate entities guaranteeing repayment of the First and Second priority obligations (as therein defined).
In August 2010, Selling Source agreed to acquire a number of Internet businesses from plaintiff Intrepid. In partial consideration, Selling Source executed a $28.7 million junior secured promissory note dated August 31, 2010, with a 14% interest rate and a maturity date of June 20, 2013 (the Intrepid Note). Intrepid also received as consideration a potential earn-out equity share in Selling Source, the terms of which were set forth in a security agreement of the same date.
In connection with the transaction, the parties executed an intercreditor and subordination agreement (ICA) delineating the priority of each party's security interest in the collateral pledged by the guarantors. Plaintiff, as the "third priority representative" of the "third priority lenders," received third priority liens as security for the repayment of the $28.7 million note, expressly acknowledging that its liens were "junior and subordinate in all respects to any and all Liens securing the First . . . and Second Priority Obligations" (ICA § 2[a]) and that "payment of the Third Priority Obligations shall be subordinated to the prior Payment-in-Full of all First Priority Obligations and Second Priority Obligations" (id., § 2[b]).
The ICA contains standstill provisions that circumscribe Intrepid's ability to exercise its remedies in the event of a default by Selling Source, providing, inter alia, that "[n]o Third Priority Lender shall commence or exercise any Remedies in respect of any default or event of default[*2]. . . until such time as the Payment-in-Full of the First Priority Obligations and Second Priority Obligations" (ICA, §§ 5[a], 5[b][ii], 8[g]).
In January 2013, the First and Second Priority Obligations reached their maturity dates without repayment and were refinanced pursuant to a Loan and Security Agreement dated January 31, 2013 whereby defendant White Oak succeeded to the position of Bank of New York Mellon as the "First Priority Representative" (the White Oak agreement).
On September 3, 2010, Intrepid perfected its security interest and lien on all of the personal property of defendant Kitara Media, LLC, one of the guarantors, by the filing of a UCC-1 financing statement with the Delaware Secretary of State.
By letter dated August 14, 2013, Intrepid notified Selling Source that it was in default of its obligations under the $28.7 million note and the ICA. By letter dated October 24, 2013, Intrepid refused Kitara's request to remove the Kitara lien because the note remained unpaid. By email dated October 30, 2013, counsel for White Oak advised Selling Source that pursuant to section 8(d) of the ICA it was furnishing authorization to file the requested UCC termination statement for Kitara. Subsequently, a UCC-3 termination statement was filed with the Delaware Secretary of State terminating the Kitara lien.
Plaintiff Intrepid commenced this action in December 2013 alleging various causes of action against Selling Source and the other defendants relating to the promissory note. In September 2014, White Oak moved to dismiss the supplemental complaint; and in October 2014, Intrepid sought leave to amend the supplemental complaint to assert causes of action against White Oak for breach of the ICA and tortious interference with the Intrepid Note and the ICA. The motion court (Justice Bransten) denied the motion to dismiss and permitted Intrepid to file a second supplemental complaint.
We affirmed the order in relevant part, finding that Intrepid had adequately alleged that White Oak breached the ICA by "restricting payments from borrowers on plaintiff's note" and by "removing plaintiff's lien on the assets of guarantor defendant Kitara" (Intrepid Invs., LLC v Selling Source, LLC, 165 AD3d 523, 524-525 [1st Dept 2018]). Intrepid never filed the operative second supplemental complaint and withdrew its earlier submissions without further attempts to refile.
On remand for further proceedings, the motion court denied plaintiff's motion for partial summary judgment and granted defendants' motion for summary judgment dismissing the complaint. We now affirm.
This action is barred by the plain language of the standstill provision, which states that "[n]o Third Priority Lender shall commence or exercise any Remedies in respect of any default or event of default . . . until such time as the Payment-in-Full of the First Priority Obligations and Second Priority Obligations" (ICA, §§ 5[a], 5[b][ii], 8[g]). Plaintiff's argument that the refinancing of [*3]the senior debt under the White Oak agreement constituted "Payment-in-Full" is without merit. Section 15 of the ICA expressly contemplates the possibility of refinancing of the senior debt.
We reject plaintiff's arguments that the standstill provisions are inapplicable because of material breaches of the ICA by the senior lenders. Refinancing was expressly contemplated by the ICA and the ICA permitted the senior lenders and Selling Source to amend their agreements without plaintiff's consent, even in instances where the rights of Third Priority lenders like Intrepid were materially affected. The White Oak agreement did not change plaintiff's status or level of priority. White Oak was and remains a senior lender with priority over Intrepid, with or without the White Oak agreement.
Nor did White Oak's termination of the Kitara lien constitute a material breach of the ICA. White Oak, as a senior lender, was allowed pursuant to section 8(d) of the ICA to terminate any liens in connection with the sale of a grantor or the disposition of the common collateral. White Oak, as the First Priority Representative, was entitled to take actions "to accomplish the purposes of this Section 8(d), including, without limitation . . . [filing] releases or other documents or instruments of transfer" (id.).
Plaintiff fails to support its allegation that the sale of Kitara was a sham. SEC filings indicate that on June 12, 2013, Kitara merged with a wholly-owned subsidiary of Ascend Acquisition Corp.; that membership units in Kitara were canceled and extinguished; and that the new entity's units were issued to Ascend. Contrary to plaintiff's argument, there is no evidence that Selling Source maintained anything but a minority interest in the newly-formed entity.
In Intrepid I, we noted that Selling Source may have retained 50%+ of Kitana post-merger (Intrepid I, 165 AD3d at 525). Discovery showed, however, that Selling Source initially retained a 33% interest post-sale, and that its interest dropped to 10% thereafter. Indeed, Intrepid admits that Selling Source's economic interest in Ascend was less than 50%.
Intrepid's claim that White Oak materially breached the ICA by changing the maturity date of the note was not properly before the motion court. This Court, on the prior appeal, "dismissed the claim that White Oak breached the ICA by changing the maturity date of plaintiff's note" (Intrepid I, 165 AD3d at 525).
Plaintiff's argument that White Oak materially breached the ICA by breaching the implied covenant of good faith and fair dealing is unavailing. The implied covenant "cannot be used to create terms that do not exist in the writing" (Vanlex Stores, Inc. v BFP 300 Madison II LLC, 66 AD3d 580, 581 [1st Dept 2009]; see also Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995]). The ICA prohibits neither the Borrower (Selling Source) nor the First Priority Representative (White Oak) from increasing the amount of the first priority loan. On the contrary[*4], it provides that the "First Priority Documents may be amended, supplemented or otherwise modified . . . without the consent of the Third Priority Lenders."
We have considered and rejected the parties' further arguments.
Accordingly, the order of the Supreme Court, New York County (Joel M. Cohen, J.), entered July 20, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment and granted defendants' motion for summary judgment dismissing the complaint, should be affirmed, without costs.
Order, Supreme Court, New York County (Joel M. Cohen, J.), entered July 20, 2021, affirmed, without costs.
Opinion by Manzanet-Daniels, J.P. All concur.
Manzanet-Daniels, J.P., Kapnick, Singh, Mendez, Rodriguez III, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 31, 2023