Intrepid Invs., LLC v Selling Source, LLC (2024 NY Slip Op 06008)

Intrepid Invs., LLC v Selling Source, LLC

2024 NY Slip Op 06008

Decided on December 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 03, 2024

Before: Renwick, P.J., Moulton, Friedman, Higgitt, Rosado, JJ.

Index No. 650641/19 Appeal No. 2847 Case No. 2023-05364 

[*1]Intrepid Investments, LLC, Plaintiff-Respondent,
v
Selling Source, LLC, et al., Defendants-Appellants.

Susman Godfrey L.L.P., New York (Mark H. Hatch-Miller of counsel), for Selling Source, LLC, London Bay — TSS Acquisition Company, LLC, DataX, Ltd., Partnerweekly, L.L.C., LeadRev Holding, LLC, 19 Communications, LLC, iDesktopmedia.com LLC, Email React LLC, FPG, LLC, Impeerian Insurance Agency of Nevada LLC, Lead Silo LLC, Mark Holdings LLC, Speedwell Marketing Solutions LLC, Q Interactive LLC, Kitara Media LLC, Clickgen LLC, OG Logistics LLC, Duck Play LLC, Play Nomy LLC and Play Turtle LLC, appellants.
Lundin PLLC, New York (Niall D. Ó Murchadha of counsel), for White Oak Global Advisors, LLC, appellant.
Press Koral LLP, New York (Jason M. Koral of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered September 12, 2023, which, to the extent appealed from, denied defendant White Oak Global Advisors, LLC's motion to dismiss pursuant to CPLR 3211(a)(1) and (7), and denied the remaining defendants' (Grantors) motion to dismiss pursuant to CPLR 3211, 3042, and 3126, unanimously affirmed, with costs.
The present action, commenced in January 2019, was not subject to dismissal under the doctrines of res judicata or collateral estoppel. Res judicata does not apply because the claims postdate December 12, 2013 (the date on which plaintiff commenced a prior action against Grantors) (see UBS Sec. LLC v Highland Capital Mgt., L.P., 159 AD3d 512, 513 [1st Dept 2018], lv dismissed 32 NY3d 1080 [2018]; see also e.g. O'Brien v City of Syracuse, 54 NY2d 353, 358 [1981]). Under the section 5(a) remedies standstill provision of the intercreditor and subordination agreement (ICA), plaintiff could bring the prior action only if the First and Second Priority Obligations had been Paid-in-Full by December 12, 2013. Plaintiff could also sue if White Oak was "precluded from asserting [section 5(a)] by having committed a material breach of the ICA" (Intrepid Invs., LLC v Selling Source, LLC, 165 AD3d 523, 524 [1st Dept 2018] [Intrepid I]).
Collateral estoppel does not apply because the issues in the prior action were whether the First and Second Priority Obligations had been Paid-in-Full by December 12, 2013 and whether White Oak had committed a material breach of the ICA before that date. By contrast, here, the threshold issues are whether the First and Second Priority Obligations were Paid-in-Full by January 31, 2019 (the date on which plaintiff commenced the instant action), and whether White Oak committed a material breach of the ICA before that date. Furthermore, in the prior action, plaintiff's theory was that a January 2013 restructuring constituted Payment-in-Full (see Intrepid Invs., LLC v Selling Source, LLC, 213 AD3d 62, 65 [1st Dept 2023] [Intrepid II]; Intrepid I, 165 AD3d at 524). By contrast, in this action, plaintiff alleges that the First and Second Priority Obligations have been Paid-in-Full because the most that could have been paid to White Oak as senior debt payments under the ICA was $46 million, but White Oak received more than $100 million after 2013.
It is of no moment that in the prior action Grantors amended their answer to assert an affirmative defense that the First Priority Obligations had not been Paid-in-Full as of September 28, 2018. Although Supreme Court allowed Grantors to amend their answer before Intrepid I, it later ruled that discovery about Payment-in-Full was unnecessary in light of our decision.
In addition, plaintiff is not collaterally estopped from litigating whether the First and Second Priority Obligations were Paid-in-Full as of September 28, 2018 (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 456 [1985]; Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984[*2]]). The prior action never determined whether the First and Second Priority Obligations had been Paid-in-Full as of that date, nor was that issue essential to the decisions in the prior action.
The court providently exercised its discretion by denying Grantors' motion to dismiss based on plaintiff's allegedly insufficient bill of particulars (see e.g. Ruiz v General Motors Corp., 99 AD2d 1010 [1st Dept 1984]). Unlike the cases Grantors rely upon (e.g. Manrique v New York-Presbyterian Hosp., 40 AD3d 270 [1st Dept 2007]; Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82 [2010]), plaintiff has not disobeyed any court orders.
The amended complaint, however, does not sufficiently allege that the First and Second Priority Obligations were Paid-in-Full by January 31, 2019. Plaintiff's allegation that the most that could have been paid to White Oak as senior debt payments under the ICA was $46 million is based on (i) the allegation that, when White Oak made its loan to defendant Selling Source, LLC in January 2013, the total amount of senior debt was $40 million, and (ii) the definition of "Senior Indebtedness" in the ICA. However, as can be seen from the definition, the relevant date is the date of the ICA (August 31, 2010), not January 2013. The amended complaint contains no allegation about the amount of the senior debt as of August 31, 2010. More importantly, section 5(a) does not reference "Senior Indebtedness"; nor do the definitions of "Payment-in-Full," "First Priority Obligations," and "Second Priority Obligations," which are referenced in section 5(a), refer to "Senior Indebtedness."
Additionally, plaintiff's attempts to invoke section 5(b)'s exceptions to section 5(a)'s remedies standstill provision are unavailing. Section 5(b)(i) contemplates that plaintiff will file a claim or statement of interest in the Proceeding that was commenced by or against a Grantor; it does not authorize plaintiff to commence a separate action. Similarly, section 5(b)(iii) contemplates that plaintiff will file responsive or defensive pleadings in the action or proceeding in which Selling Source sought the disallowance of the Third Priority Obligations, not that plaintiff will commence an entirely separate action. As for section 5(b)(iv), the statute of limitations has not yet commenced to run because the condition precedent to plaintiff's bringing suit (the Payment-in-Full of the First and Second Priority Obligations) has not yet occurred. Moreover, the ICA's section 5(b) provisions are inapplicable to these facts.
Nevertheless, the motion court properly declined to dismiss this action. As was the case in earlier stages of this litigation, if White Oak materially breached the ICA, it is precluded from invoking the section 5(a) standstill provision. (Intrepid I, 165 AD3d at 524). Paragraphs 82-83 and 85 of the amended complaint describe various transactions that allegedly breach the ICA's priority scheme and differ from the material breaches at issue in the prior action[*3](see Intrepid II, 213 AD3d at 65-67). Defendants fail to address this point; in addition, these allegations are very fact-intensive, rendering them unsuitable for dismissal on a CPLR 3211 motion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2024