■ DIANNE B. MAJOR et al., Respondents, v GENERAL MOTORS CORPORATION, Appellant, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendant General Motors Corporation (hereinafter GM) appeals from (1) an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated December 17, 1985, which denied its motion for an order unconditionally precluding the plaintiffs from introducing evidence concerning items Nos. 9, 10, 11, 13 and 14 of its

demand for a bill of particulars, or in the alternative, for an order directing that the plaintiffs serve a further verified bill of particulars as to the aforenoted items, and (2) an order of the same court, dated March 20, 1986, which denied its motion for reargument.

Ordered that the appeal from the order dated March 20, 1986, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 17, 1985 is reversed, on the law, and GM's motion is granted to the extent that the plaintiffs are precluded from adducing evidence at trial with respect to the matters covered by items Nos. 9, 10, 11, 13 and 14 of the demand for a bill of particulars unless they serve a further bill of particulars with respect to those items and, in the event that the plaintiffs presently lack sufficient knowledge to furnish particulars with respect thereto, they shall state so under oath and shall promptly serve a further supplemental bill of particulars upon GM if and when the requisite knowledge to answer these items of the demand is acquired. The plaintiffs' time to serve a supplemental bill of particulars and/or state under oath which items they lack sufficient knowledge to answer is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the defendant GM is awarded one bill of costs.

In response to GM's demand for specification of the allegedly defective parts of their automobile the plaintiffs stated that there existed a "[s]teering mechanism defect and defective brakes". We find that the aforenoted responses of the plaintiffs are "overly broad and conclusory and fail to adequately inform [GM] of the alleged defects in the subject automobile" (Scott v General Motors Corp., 117 AD2d 662; see, Pole v Frame Chevrolet, 126 AD2d 531 [decided herewith]; Gausney v General Motors Corp., 115 AD2d 455, 456; Moore v Chrysler Corp., 100 AD2d 955). Moreover, the plaintiffs' allegations as to GM's purported negligence, to wit, "failing to properly design the steering mechanism and brakes", do not adequately particularize the specific acts of negligence which precipitated the purported defective condition (see, Pole v Frame Chevrolet, supra; Scott v General Motors Corp., supra; Moore v Chrysler Corp., supra; Paldino v E.J. Korvettes, Inc., 65 AD2d 617).

If the plaintiffs presently lack "sufficient knowledge to respond to those items of [the] demand [they] must so state,

under oath, and [they] must properly serve a further bill * * * if and when the requisite knowledge to answer them is acquired" *(Gausney v General Motors Corp., supra,* at p 456; *Pole v Frame Chevrolet, supra; Moore v Chrysler Corp., supra; Paldino v E.J. Korvettes, Inc., supra).* Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.