■ JOHN POLE, Respondent, v FRAME CHEVROLET, INC., Defendant and Third-Party Plaintiff-Respondent. GENERAL MOTORS CORPORATION, Appellant.—In an action to recover damages for personal injuries, based on theories of negligence, breach of warranty and strict products liability, the third-party defendant General Motors Corporation (hereinafter GM) appeals (1) as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Kelly, J.), entered November 29, 1985, as denied its motion to preclude the plaintiff and the defendant third-party plaintiff Frame Chevrolet, Inc. (hereinafter Frame) from introducing evidence concerning item Nos. 9, 10 and 11 of GM's demand for bills of particulars, or, in the alternative, to direct the plaintiff and Frame to serve further verified bills of particulars with respect to those items, and (2) from an order of the same court, dated May 6, 1986, which denied its motion for reargument.

Ordered that the appeal from the order dated May 6, 1986, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered November 29, 1985, is modified, on the law, by deleting the provision thereof denying so much of GM's motion with respect to item Nos. 9, 10 and 11 of its demand for a bill of particulars, and substituting therefor a provision granting GM's motion to the extent that the plaintiff and Frame are precluded from adducing evidence at trial with respect to the matters covered by the aforenoted items of the demands for bills of particulars, unless the plaintiff and Frame respectively serve further bills of particulars as to those items, and in the event that the plaintiff and/or Frame lack sufficient knowledge to furnish particulars with respect thereto, they shall state so under oath and shall promptly serve a further supplemental bill of particulars upon GM if and when the requisite knowledge to answer those items of the demand is acquired. As so modified, the order is affirmed insofar as appealed from. The plaintiff's and Frame's time to comply with the above requirements is extended until 30 days after service upon each of them of a copy of this decision and order, with notice of entry; and it is further,

Ordered that GM is awarded one bill of costs payable jointly by the plaintiff and Frame, appearing separately and filing separate briefs.

In response to GM's demand for specification of the allegedly defective parts of the plaintiff's automobile, the plaintiff and Frame each averred that the "[d]ifferential housing flange, axle housing, axle tubing and axle shaft" were defective. We find that this response is "overly broad and conclusory and fail[s] to adequately inform [GM] of the alleged defects in the subject automobile" (Scott v General Motors Corp., 117 AD2d 662; see, Major v General Motors Corp., 126 AD2d 521 [decided herewith]; Gausney v General Motors Corp., 115 AD2d 455, 456; Moore v Chrysler Corp., 100 AD2d 955). Moreover, the plaintiff's allegation as to the alleged negligent acts which precipitated the foregoing defects, to wit, that "[the] axle should have been designed to carry bending loads", does not sufficiently "particularize the specific acts of negligence which precipitated the purported defective condition" (Major v General Motors Corp., supra, p 522; see, Scott v General Motors Corp., supra; Moore v Chrysler Corp., supra; Paldino v E.J. Korvettes, Inc., 65 AD2d 617).

If the plaintiff and Frame do not possess "sufficient knowledge to respond to those items of G.M.'s demand [they] must so state, under oath, and [they] must properly serve a further bill upon G.M. if and when the requisite knowledge to answer them is acquired" (Gausney v General Motors Corp., supra, at

p 456; *see, Major v General Motors Corp., supra; Moore v Chrysler Corp., supra; Paldino v E.J. Korvettes, Inc., supra).* Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.