■ MARIA FERRIGNO et al., Respondents, v GENERAL MOTORS CORPORATION, CADILLAC MOTOR CAR DIVISION, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, etc., the defendant General Motors Corporation (hereinafter GM) appeals from so much of an order of the Supreme

Court, Kings County (Krausman, J.), dated February 5, 1987, as denied (1) its motion for an order unconditionally precluding the plaintiffs from introducing evidence concerning items Nos. 9, 10, 11, 12, 13, 14, 15 and 17 of its demand for a bill of particulars, or in the alternative, for an order directing that the plaintiffs serve a further verified bill of particulars with respect to those items, and (2) its motion for a change of venue to Madison County.

Ordered that the order is modified, on the law, by deleting the provision thereof denying GM's motion with respect to items Nos. 9, 10, 11, 12, 13, 14, 15 and 17 of its demand for a bill of particulars, and substituting therefor a provision granting that motion to the extent that the plaintiffs are precluded from adducing evidence at trial with respect to the matters covered by those items of the demand, unless they serve a further bill of particulars with respect to them, or in the event the plaintiffs presently lack sufficient knowledge to furnish particulars with respect to the demanded items, they so state under oath and thereafter promptly serve a further supplemental bill of particulars upon GM if and when the requisite knowledge is acquired; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the plaintiffs' time to serve a further bill of particulars or state under oath that they lack sufficient knowledge with respect to the demanded items is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

It is well settled that the purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial (see, Scott v General Motors Corp., 117 AD2d 662; Gausney v General Motors Corp., 115 AD2d 455). Where, as here, the plaintiffs allege negligent and improper design of the automobile in question, the manufacturer is entitled to a statement sufficiently particularizing the specific acts of negligence which gave rise to the asserted defect (see, Scott v General Motors Corp., supra; Moore v Chrysler Corp., 100 AD2d 955; Paldino v E. J. Korvettes, Inc., 65 AD2d 617).

At bar, the plaintiffs specified the allegedly defective parts as follows: "the steering system, braking system, floor mats and back seat cushions". Additionally, with respect to the "braking system", the plaintiffs listed various parts of the wheel which were purportedly defective. These responses are " 'overly broad and conclusory and fail to adequately inform [GM] of the alleged defects in the subject automobile' " (Major v General Motors Corp., 126 AD2d 521, 522, quoting from Scott

*v General Motors Corp., supra,* at 662; *see, Pole v Frame Chevrolet,* 126 AD2d 531, 532; *Gausney v General Motors Corp., supra; Moore v Chrysler Corp., supra).* Moreover, the plaintiffs' general statements as to GM's alleged negligence "do not adequately particularize the specific acts of negligence which precipitated the purported defective condition" *(Major v General Motors Corp., supra,* at 522; *see, Pole v Frame Chevrolet, supra,* at 532; *Scott v General Motors Corp., supra; Moore v Chrysler Corp., supra; Paldino v E. J. Korvettes, Inc., supra).*

The plaintiffs shall identify the specific parts claimed to be defective and particularize the nature of the defect claimed as to each part. To the extent that the plaintiffs presently lack the information to adequately respond to GM's demand, they must so state under oath and serve a further bill upon GM if and when they acquire the knowledge *(see, Major v General Motors Corp., supra,* at 522-523; *Pole v Frame Chevrolet, supra,* at 532-533; *Gausney v General Motors Corp., supra,* at 456; *Moore v Chrysler Corp., supra; Paldino v E. J. Korvettes, Inc., supra).*

GM further contends that Supreme Court erred in denying its motion to change the place of trial of this action from Kings County to Madison County. We do not agree.

We note that the defendants other than GM did not join in the motion for a change of venue *(see, Goldman v Isgood Stottville Realty Corp.,* 14 AD2d 759; *Lyman v Gramercy Club,* 28 App Div 30), and GM offered no explanation to the Supreme Court for their failure to do so *(cf., Thomas v Small,* 121 AD2d 622, 623). Moreover, inasmuch as GM failed to indicate that the proposed witnesses whose convenience they claim will be affected have been contacted and will testify on GM's behalf, the motion for a change of venue cannot be granted *(see, Greene v Hillcrest Gen. Hosp.,* 130 AD2d 621; *Brevetti v Roth,* 114 AD2d 877). Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.