■ CECILIA MEADE, Plaintiff, v FAIR OAKS DEVELOPMENT CORP., Defendant and Third-Party Plaintiff-Appellant. ARMOR ELEVATOR COMPANY, INC., Third-Party Defendant-Respondent.

—In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered February 3, 1988, as granted the third-party defendant's motion for a preclusion order to the extent of directing the defendant third-party plaintiff to serve further responses to questions 2 and 5 of the third-party defendant's demand for a bill of particulars.

Ordered that the order is modified, by adding a provision thereto that if the defendant third-party plaintiff presently lacks sufficient knowledge to further respond to questions 2 and 5 of the third-party defendant's demand, it should so state under oath and thereafter promptly serve a further response upon the third-party defendant if and when the requisite knowledge is acquired; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the defendant third-party plaintiff's time to serve its further responses or to state under oath that it lacks sufficient knowledge with respect to the demanded information is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry.

Contrary to the defendant third-party plaintiff's contention, the Supreme Court did not err, as a matter of law, by directing further responses to questions 2 and 5 of the third-party defendant's demand for a bill of particulars. We note that question 5 requires the identification of the specific elevator parts claimed to be defective and the particularization of the nature of the defect claimed as to each part *(see, Ferrigno v General Motors Corp.,* 134 AD2d 479, 480-481). To the extent that the defendant third-party plaintiff lacks knowledge to furnish the further responses to questions 2 and 5, it should state so under oath and thereafter promptly serve a further response upon the third-party defendant "if and when [it] acquire[s] the knowledge" *(see, Ferrigno v General Motors Corp., supra,* at 481). Mangano, J. P., Brown, Lawrence and Eiber, JJ., concur.