■ ALBERTA VALENTINE, Appellant, v ARMOR ELEVATOR COMPANY, INC., Respondent, et al., Defendants.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated June 7, 1988, which granted the motion of the defendant Armor Elevator Company, Inc. for a final order of preclusion and for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by adding a provision limiting the dismissal of the complaint only to the extent that it is asserted against the defendant Armor Elevator Company, Inc., and severing the action as against the remaining defendants; as so modified, the order is affirmed, with costs to the defendant Armor Elevator Company, Inc., payable by the plaintiff.

It is well settled that a bill of particulars has as its purpose the amplification of the pleadings, the limitation of proof and the prevention of surprise at trial *(see, Hyman & Gilbert v Greenstein,* 138 AD2d 678; *Paldino v E. J. Korvettes, Inc.,* 65 AD2d 617). The record in the instant case reveals that, despite numerous orders directing the plaintiff to serve specific responses to the demands of the defendant Armor Elevator Company, Inc. (hereinafter Armor), the plaintiff repeatedly served bills of particulars which failed to specify and limit the particular acts of Armor's alleged negligence and failed to identify the elevator in which the plaintiff was injured as well as the specific mechanisms of the elevator which she alleged to be defective. Under these circumstances, the bills of particulars were vague, conclusory and overbroad *(see, Ferrigno v General Motors Corp.,* 134 AD2d 479; *Pole v Frame Chevrolet,* 126 AD2d 531; *Major v General Motors Corp.,* 126 AD2d 521).

Moreover, while the plaintiff gave some indication that she would rely upon the doctrine of res ipsa loquitur, the plead-

ings clearly demonstrate that she did not intend to rely solely on that theory of liability. Hence, Armor was entitled to the particulars of any specific acts of alleged negligence on its part *(see, e.g., Kaire v Trump Mgt.,* 140 AD2d 494).

Inasmuch as the plaintiff consistently failed to comply with the court's numerous conditional orders of preclusion, the granting of a final order of preclusion and summary judgment dismissing the complaint insofar as it is asserted against Armor was appropriate in this case *(see, Kaire v Trump Mgt., supra).* However, we note that the Supreme Court erred in dismissing the complaint against all of the defendants in the action. Inasmuch as Armor was the only defendant to move for summary judgment, we have modified the order appealed from to dismiss the complaint only insofar as it is asserted against Armor. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.