■ LINDA DOWNING, Appellant, v SNOWBIRD SKI SHOP, INC., et al., Respondents.—In an action to recover damages for personal injuries based upon negligence, strict products liability and breach of warranty, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 6, 1990,

as precluded her from offering evidence at trial as to certain issues with respect to which an adequate bill of particulars had not been served, unless she served an adequate bill of particulars within 20 days of the date of the order.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, the defendants' motion for a further bill of particulars or, in the alternative, for an order of preclusion, is granted only to the extent that the plaintiff is directed to furnish a further bill of particulars as to items 5, 18, 19 and 21, at least 60 days prior to the service of a note of issue, and is otherwise denied, with leave to renew after the service of the further bill of particulars, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings, including a discovery conference.

On appeal, the plaintiff implicitly acknowledges that her responses to items 5, 18, 19 and 21 of the defendants' demand for a bill of particulars are inadequate, and she explicitly expresses her willingness "to provide a further bill of particulars [as to those items] prior to filing a note of issue". In opposition to the defendants' motion, the plaintiff argued, *inter alia*, that she did not have the knowledge needed to frame a proper response to several of these items. On the other hand, the defendants concede that the amended response to item 25 is adequate. Under these and all the circumstances of this case, we believe that no prejudice would be suffered by the defendants if the plaintiff were allowed to postpone serving a more detailed response to items 5, 18, 19 and 21, until after the completion of discovery *(cf., Major v General Motors Corp.,* 126 AD2d 521; *Pole v Frame Chevrolet,* 126 AD2d 531). We also direct that the plaintiff not be permitted to place her action on the trial calendar until at least 60 days following the service of a further bill of particulars, in order to permit the defendants, if they deem it appropriate, to make a renewed motion to preclude. The matter is remitted to the Supreme Court for a discovery conference, so that an updated discovery schedule, consistent with the foregoing, may be devised *(see,* 22 NYCRR 202.12 [c]). Mangano, P. J., Bracken, Sullivan and Miller, JJ., concur.