■ Maritza Carattini, Appellant, v William Grinker, Individually and as Commissioner of the New York City Department of Social Services, et al., Respondents.—Order and judgment (one paper) Supreme Court, New York County (Leonard N. Cohen, J.), entered July 2, 1990, which, *inter alia,* dismissed plaintiff's complaint on the ground that it failed to state a claim under 42 USC § 1983, unanimously affirmed, without costs.

The New York City Department of Social Services ("NYCDSS") administers public assistance to needy individuals pursuant to regulations of the New York State Department of Social Services. Plaintiff filed for a rent security deposit with one of the city's income maintenance centers, claiming, on different occasions, different amounts. Due to the discrepancy in the amounts sought, the city center did not immediately issue assistance. Plaintiff sought a State fair hearing. The State issued a fair hearing decision in favor of plaintiff directing the city to issue her a $620 security deposit and to evaluate her eligibility for $100 in recovery expenses. While the city complies with the State's fair hearing decisions, the city, in this case, did not immediately comply with the decision as a result of the conflicting information furnished by plaintiff with regard to the security deposit in question.

Thereafter, plaintiff instituted this action, which was properly converted into a CPLR article 78 proceeding by the IAS court *(see, Santiago v Blum,* 75 AD2d 596, *lv denied* 50 NY2d 804). Plaintiff sought the $720 and also sought $150,000 in punitive and compensatory damages as a result of defendant's alleged violation of plaintiff's civil and due process rights. Thereafter, the city issued plaintiff the $720 for the security deposit and moving expenses.

The IAS court dismissed that part of the complaint which sought public assistance as moot. The court also dismissed the rest of the complaint as it failed to adequately state a cause of action for deprivation of civil and due process rights.

A cause of action under 42 USC § 1983 exists where the evidence demonstrates that an individual has suffered a deprivation of rights as a result of an official policy or custom. *(See, Monell v New York City Dept. of Social Servs.,* 436 US 658, 690, 695.)* While the evidence in this case demonstrates, at best, that the NYCDSS failed to timely comply with the State's regulations, there is no evidence that such practice is the regular policy or custom of the NYCDSS. Without such evidence, a cause of action pursuant to 42 USC § 1983 fails.

*(See, Batista v Rodriguez,* 702 F2d 393, 397 [2d Cir 1983].) Similarly, as plaintiff has failed to prove that established procedures of the NYCDSS are unconstitutional, there has been no showing of a violation of plaintiff's due process rights. *(See, Broadway & 67th St. Corp. v City of New York,* 100 AD2d 478, 483.) Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Kassal, JJ.