■ HARLAN BRYANT et al., Respondents, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY, Appellant.—In an action, *inter alia,* to recover damages for assault and battery, the defendant New York City Housing Authority appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated July 16, 1990, as denied its motion to preclude the plaintiffs from offering any evidence at trial of this action concerning allegations for which sufficient particulars were not given, or in the alternative, to direct the plaintiffs to serve a supplemental bill of particulars with respect to these items.

Ordered that the order is modified by (1) deleting the provision denying that branch of the motion which was to preclude the plaintiffs from adducing evidence at trial of mere negligence on the part of the appellant's employees, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision denying that branch of the motion which was to preclude the plaintiffs from adducing evidence concerning intentional torts by the appellant's employees, and substituting therefor a provision granting the motion to the extent that the plaintiffs are precluded from adducing evidence at trial with respect to intentional torts by the appellant's employees unless they serve a supplemental

bill of particulars with respect to them, or in the event the plaintiffs presently lack sufficient knowledge to furnish particulars with respect to the demanded items, they so state under oath and thereafter promptly serve a further supplemental bill of particulars upon the appellant if and when the requisite knowledge is acquired; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and the plaintiffs' time to serve the supplemental bill of particulars or a statement under oath that they lack sufficient knowledge to furnish particulars is extended until 30 days after service upon them of a copy of this decision and order.

This action arose from an incident in which certain police officers and employees of the defendant New York City Housing Authority allegedly entered the plaintiffs' apartment, committed assault and battery upon them, and then illegally arrested and maliciously prosecuted them.

The trial court should have precluded the plaintiffs from offering any evidence to support their assertions, first set forth in their bill of particulars, that their alleged injuries resulted from negligence on the part of the appellant's employees. In their complaint, the plaintiffs set forth no such causes of action and alleged only that the officers had acted intentionally with respect to the injuries complained of (see, Willinger v Town of Greenburgh, 169 AD2d 715, 716; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3042:6, at 531). The plaintiffs must also supplement their bill of particulars with respect to their allegations of intentional tortious conduct on the part of the police officers, in lieu of which these causes of action shall be stricken from their complaint (see, CPLR 3042 [d]; Valentine v Armor El. Co., 155 AD2d 597). If they presently lack sufficient knowledge to furnish particulars with respect to the demanded items, the plaintiffs shall state under oath that this is the case and that they will promptly serve the supplemental bill of particulars if and when the requisite knowledge is acquired (see, Meade v Fair Oaks Dev. Corp., 152 AD2d 544; Ferrigno v General Motors Corp., 134 AD2d 479). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.