■ SANDRA HOWE, Appellant, v VILLAGE OF TRUMANSBURG, Respondent, et al., Defendant. [605 NYS2d 466] —Weiss, P. J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered January 11, 1993 in Tompkins County, which granted defendant Village of Trumansburg's motion for summary judgment dismissing the complaint against it.

The complaint in this action alleges that at approximately 2:00 A.M. on a Sunday morning in January 1989, defendant David Stanton, a police officer employed by defendant Village of Trumansburg, stopped an automobile driven by plaintiff for a traffic violation and directed her to follow his patrol car to a remote area where he sexually assaulted her. On July 24, 1989, plaintiff and her parents reported the matter to Village Police Chief Thomas Ferretti. Plaintiff seeks money damages from Stanton for assault and battery, and from the Village for injuries sustained as the result of (1) its negligence in retaining Stanton as a police officer allegedly predisposed to sexual assault and battery, and (2) for violation of her constitutional rights pursuant to 42 USC § 1983. Following discovery, Supreme Court, in a comprehensive and well-reasoned opinion, granted summary judgment to the Village and dismissed the complaint against it, finding that (1) the Village was entitled to governmental immunity from suit because the decisions of Ferretti to employ and retain Stanton as a police officer were discretionary, and (2) plaintiff had not stated facts sufficient to demonstrate the existence of a custom or policy within the Village which condoned acts of sexual misconduct by its officers. This appeal by plaintiff ensued.

Our decision begins with the clearly defined principles of governmental immunity for negligent acts or omissions of municipal agents or employees. It is well established, as plaintiff concedes, that when official action involves the exercise of discretion or expert judgment in policy matters, and is not exclusively ministerial, a municipal defendant generally is not answerable in damages for the injurious consequences of that action *(see, Mon v City of New York,* 78 NY2d 309; *see also, Arteaga v State of New York,* 72 NY2d 212, 216; *Tango v Tulevech,* 61 NY2d 34, 40; *Weiss v Fote,* 7 NY2d 579). If it is shown that the action is sufficiently discretionary in nature to warrant immunity, it must then be determined whether the

conduct which gives rise to the claim is the result of the exercise of that discretion, for obviously, absent such acts, the "judgmental error doctrine" *(see, Rodriguez v City of New York,* 189 AD2d 166, 173) cannot be applied *(see, Haddock v City of New York,* 75 NY2d 478, 484-485).

Plaintiff contends that the liability of the Village is grounded upon the failures of Ferretti, who hired and retained Stanton as a police officer notwithstanding three incidents from which he knew, or should have known, that Stanton was predisposed to commit acts of sexual assault and battery.* The record shows that Ferretti thoroughly investigated each of the alleged incidents, none of which were formally reported to him, that he confronted Stanton on each instance and thereafter arrived at a considered opinion that none of the three incidents involved sexual misconduct.

Plaintiff argues that notwithstanding the three complaints, which should have coalesced to alert Ferretti to Stanton's propensity toward sexual assaults, he failed to thoroughly investigate and make a reasoned judgment regarding whether to retain Stanton. She relies heavily upon *Haddock v City of New York (supra)* and *Wyatt v State of New York* (176 AD2d 574), both of which focus upon the total absence and lack of any discretionary decision by municipal officials to exercise discretion or make informed judgments on policy matters. Far from the insouciant response plaintiff suggests, the record shows that Ferretti investigated each of the three incidents, formed a cogitative opinion of each and made a reasoned decision. Obviously, Ferretti did not "slough off" the incidents *(see, McCormack v City of New York,* 80 NY2d 808). In sum, we find his decisions, which may eventually prove to have been unwise if the incidents occurred as alleged, were nevertheless based on the exercise of his reasoned judgment which entitled the Village to governmental immunity *(see, Mon v City of New York, supra,* at 315; *Rodriguez v City of New York, supra,* at 176-178).

We further find misplaced plaintiff's argument that Village

---

* Stanton was hired in 1982 as a part-time police officer at a time when he was employed full time by the security department at Ithaca College. In November 1987, Ferretti learned that Stanton had been suspended by Ithaca College for a horseplay incident involving a female police officer. Second, in late 1989, a storeowner complained to Ferretti that Stanton had jumped over the counter at a store where his sister was employed and tried to grab or touch her. Third, on a date unspecified, but prior to January 1989, while on duty, Stanton was alleged to have engaged in "hanky panky" behind a horse barn at the fair grounds with a woman.

Law §§ 8-800 and 8-804 lodge authority to hire, retain and fire Village employees exclusively with the Village Board.

We next consider the dismissal of plaintiff's cause of action premised on transgression of her constitutional rights in violation of 42 USC § 1983. Supreme Court granted dismissal for failure to show facts demonstrating an express Village policy or custom of condoning police misconduct. To prevail on this cause of action plaintiff was required to plead and prove (1) an official policy or custom that (2) causes her to be subjected to (3) a denial of a constitutional right *(see, Monell v New York City Dept. of Social Servs.,* 436 US 658; *Jackson v Police Dept.,* 192 AD2d 641, 642). Plaintiff urges that she was not required to show an express policy; instead, she claims the deliberate indifference of the Village gave rise to an inference that it was the custom or policy of the Village to condone the misconduct. At best she relies on *Fiacco v City of Rensselaer* (783 F2d 319, *cert denied* 480 US 922), or at the least contends that whether such a policy can be inferred is a triable issue of fact which precludes the grant of summary judgment. As we have already found above, the record establishes to our satisfaction that Ferretti conducted a thorough inquiry into each of the three incidents prior to the alleged assault and battery upon plaintiff, dispelling the claimed indifference or any support for an inference that such a policy or custom exists. In the absence of factual allegations which exhibit Village policies or its custom of approval, condonation or ratification of such conduct, the 42 USC § 1983 cause of action was properly dismissed *(see, Jackson v Police Dept., supra; Bryant v City of New York,* 188 AD2d 445; *see generally, Carattini v Grinker,* 178 AD2d 307, *lv denied* 80 NY2d 752; *Mastroianni v Incorporated Vil. of Hempstead,* 166 AD2d 560, 561).

Finally, while plaintiff concedes that the Village cannot be found liable for violation of 42 USC § 1983 solely on the theory of respondeat superior *(see, Monell v New York City Dept. of Social Servs., supra,* at 691, 694; *see also, Canton v Harris,* 489 US 378), she contends that her evidence, if true, would support a finding that the Village was vicariously liable for Stanton's misconduct. The complaint, as we have already stated, asserts but three causes of action; (1) a cause of action against Stanton for assault and battery, (2) a cause of action against the Village for negligence in hiring and retaining Stanton as a police officer, and (3) a 42 USC § 1983 cause of action against the Village for violation of her civil rights. She has not pleaded a tort theory of vicarious liability against the Village. The assertion of vicarious liability against the Village

is raised for the first time in plaintiff's brief on this appeal. Plaintiff's failure to state a tort theory of vicarious liability in the complaint and/or bill of particulars *(see, Riviello v Waldron,* 47 NY2d 297; *see also, Savarese v City of New York Hous. Auth.,* 172 AD2d 506) requires this Court to find that she has waived that theory *(see, Bryant v City of New York,* 188 AD2d 447, 448; *Gunzberg v Gunzberg,* 152 AD2d 537, 538).

Mercure, Cardona, White and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.