■ PANG HUNG LEUNG et al., Appellants, v CITY OF NEW YORK et al., Respondents. [627 NYS2d 369] —Order, Supreme Court, New York County (Walter Tolub, J.), entered December 16, 1993, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Pang Hung Leung was indicted on a murder charge which was eventually dropped. He subsequently commenced the instant action for false imprisonment, false arrest, malicious prosecution, and civil rights violations. Thereafter,

defendants moved for summary judgment dismissing the complaint. As relevant here, defendants asserted that the cause of action for malicious prosecution required dismissal since probable cause had been established by virtue of the Grand Jury indictment. As to the civil rights cause of action, defendants argued that its allegations were vague and conclusory. Without reaching the merits of plaintiffs' claims, the IAS Court found that the cause of action for malicious prosecution was time-barred and that the cause of action for civil rights violations was insufficiently pleaded.

While we do not concur with the entirety of the findings of the IAS Court, we agree that the complaint was properly dismissed. Initially, as defendants concede, the IAS Court erred in finding that the claim for malicious prosecution was time-barred since plaintiff filed his notice of claim within 90 days after dismissal of his indictment (*Artzt v Greenburger*, 161 AD2d 389, 390). However, plaintiff failed to make out a prima facie case of malicious prosecution by failing to overcome the presumption of probable cause which attached upon his Grand Jury indictment (*DeFilippo v County of Nassau*, 208 AD2d 793). Since the presence of probable cause is fatal to plaintiff's cause of action for malicious prosecution, the cause of action was properly dismissed (*Shapiro v County of Nassau*, 202 AD2d 358, *lv denied* 83 NY2d 760). Moreover, while defendants treated the motion with respect to the cause of action for civil rights violations as one pursuant to CPLR 3211 (a) (7), the motion placed in issue the sufficiency of the complaint, and, having been so treated by defendants, we conclude that the court properly found that plaintiff neither states nor possesses any viable claim for civil rights violations. A cause of action under 42 USC § 1983 exists where the evidence demonstrates that an individual has suffered a deprivation of rights as a result of an official policy or custom (*Carattini v Grinker*, 178 AD2d 307, *lv denied* 80 NY2d 752), and must be pleaded with specific allegations of fact (*Alfaro Motors v Ward*, 814 F2d 883, 887). Plaintiff's broad and conclusory statements, coupled with his failure to allege facts of the alleged offending conduct, are insufficient to state a claim under section 1983. Moreover, the amended complaint does not plead facts showing that a specific custom or policy instituted by defendants caused civil rights violations, and thus his cause of action fails for that reason alone. (*Carattini v Grinker, supra.*) Concur—Rosenberger, J. P., Ellerin, Ross, Williams and Tom, JJ.