■ David Ramondi, Respondent, v Paramount Fee, LP, Defendant, and Otis Elevator Company, Appellant. [817 NYS2d 341]—

In an action to recover damages for personal injuries, the defendant Otis Elevator Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated October 12, 2005, as denied that branch of

its motion which was, in effect, to vacate so much of a preliminary conference order of the same court dated June 22, 2005, as provided that it was not entitled to a further bill of particulars with respect to items 7, 10, and 11 of its demand and to direct the plaintiff to provide a further bill of particulars with respect to items 7, 8, 9, 10, 11, 15, 17, 21, 22, 23, 26, 31, and 36 of its demand.

Ordered that the order dated October 12, 2005 is modified, on the law, by deleting the provision thereof denying that branch of the motion which was, in effect, to vacate so much of the preliminary conference order as provided that the appellant was not entitled to a further bill of particulars with respect to items 7, 10, and 11 of its demand and to direct the plaintiffs to provide a further bill of particulars with respect to items 7, 8, 9, 10, 11, 15, 21, 22, 23, and 31 of its demand and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant; so much of the preliminary conference order as provided that the appellant is not entitled to a further bill of particulars as to items 7, 10, and 11 of its demand is vacated, and the plaintiff is directed to provide a supplemental bill of particulars as to items 7, 8, 9, 10, 11, 15, 21, 22, 23, and 31 of the appellant's demand within 30 days of service upon him of a copy of this decision and order.

Because the complaint does not rely solely upon the theory of res ipsa loquitur to establish the liability of the appellant, the Supreme Court improvidently exercised its discretion in denying the appellant's request that the plaintiff be required to provide particulars as to the manner in which the appellant was allegedly negligent and the elevator in issue was allegedly defective (*see Valentine v Armor El. Co.,* 155 AD2d 597 [1989]; *Kaire v Trump Mgt.,* 140 AD2d 494, 496 [1988]). The appellant is entitled to particulars identifying any statute, ordinance, law, rule, or regulation that it is alleged to have violated (*see Castellano v Norwegian Christian Home & Health Ctr., Inc.,* 24 AD3d 490, 491 [2005]; *Bouton v County of Suffolk,* 125 AD2d 620, 621 [1986]), and to specification of the plaintiff's claims regarding the creation of the allegedly dangerous condition and the special damages allegedly incurred by the plaintiff (*see* CPLR 3043 [a] [4], [5], [8], [9]). The appellant's request with respect to items 17, 26, and 36 of its demands was providently denied because the request was beyond the proper scope of a bill of particulars (*see Tully v Town of N. Hempstead,* 133 AD2d 657 [1987]; *Ginsberg v Ginsberg,* 104 AD2d 482, 484 [1984]), or because the plaintiff's response was sufficient. Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.