█ JANICE JONES et al., Respondents, v LeFRANCE LEASING LIMITED PARTNERSHIP et al., Defendants, and ALLIANCE ELEVATOR COMPANY, Appellant. [877 NYS2d 424]—

In an action to recover damages for personal injuries and wrongful death, the defendant Alliance Elevator Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated October 10, 2008, as, in effect, denied that branch of its motion which was pursuant to CPLR 3126 to unconditionally preclude the plaintiffs from introducing evidence concerning item numbers

7, 8, 9, 10, 11, 15, 16, 17, 18, 20, and 21 of its demand for a bill of particulars.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the appellant's motion which was pursuant to CPLR 3126 to unconditionally preclude the plaintiffs from introducing evidence concerning item numbers 7, 10, 15, 16, 18, 20, and 21 of its demand for a bill of particulars, and substituting therefor a provision granting that branch of the motion to the extent of precluding the plaintiffs from introducing evidence concerning those items of the demand unless the plaintiffs serve a further bill of particulars with respect to those items; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and the plaintiffs' time to serve a further bill of particulars with respect to the demanded items is extended until 30 days after service upon them of a copy of this decision and order.

The purpose of a bill of particulars is to amplify the pleadings, limit the proof, and prevent surprise at trial (*see Valentine v Armor El. Co.*, 155 AD2d 597 [1989]; *Ferrigno v General Motors Corp., Cadillac Motor Car Div.*, 134 AD2d 479 [1987]). Here, the appellant was entitled to particulars regarding the manner in which it allegedly was negligent and the alleged defect of the subject elevator (*see Ramondi v Paramount Fee, LP*, 30 AD3d 396 [2006]; *Valentine v Armor El. Co.*, 155 AD2d 597 [1989]), as well as specification with respect to the plaintiffs' claims concerning the creation of the allegedly dangerous condition (*see Ramondi v Paramount Fee, LP*, 30 AD3d at 397). Accordingly, unless the plaintiffs particularize the specific acts of negligence which precipitated the purported defective condition, the specific defect alleged, and the creation of the alleged defective condition, as requested in items 7, 10, 15, 16, 18, 20, and 21 of the demand, they will be precluded from adducing any evidence at trial with respect thereto (*see Laukaitis v Ski Stop*, 202 AD2d 554, 556 [1994]; *Ferrigno v General Motors Corp.*, 134 AD2d at 481).

The appellant's remaining contentions are without merit. Spolzino, J.P., Florio, Covello and Eng, JJ., concur.