10-0145-cv
Claudio v. Sawyer

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of February, two thousand eleven.

PRESENT:   PIERRE N. LEVAL,
           REENA RAGGI,
           DEBRA ANN LIVINGSTON,
                  *Circuit Judges.*

-----------------------------------------------------------------------------------

LISA CLAUDIO, as proposed Administrator of the Estate of JAYSON TIRADO, deceased, JAYLENE TIRADO, an infant by her mother and natural guardian LISA CLAUDIO, and IRENE TIRADO,
                  *Plaintiffs-Appellants*,

                  v.                                              No. 10-0145-cv

SEAN SAWYER,
                  *Defendant-Cross-Claimant-Appellee*,

CITY OF NEW YORK,
                  *Defendant-Cross-Defendant-Appellee*.

-----------------------------------------------------------------------------------

APPEARING FOR APPELLANTS:        MATTHEW J. MAIORANA, Queller, Fisher, Washor, Fuchs & Kool, LLP, New York, New York.

APPEARING FOR APPELLEES:         ELLEN  RAVITCH, Assistant Corporation Counsel (Stephen J. McGrath, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the

City of New York, New York, New York, *for City of New York*.

MITCHELL GARBER, Worth Longworth & London LLP, New York, New York, *for Sean Sawyer*.

Appeal from the United States District Court for the Southern District of New York (Denny Chin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December, 31, 2009, is AFFIRMED.

Plaintiffs Lisa Claudio, the proposed administrator of the estate of Jayson Tirado, Jaylene Tirado, and Irene Tirado appeal from a judgment dismissing their amended complaint against defendants Sean Sawyer and the City of New York ("the City") alleging, inter alia, violations of Jayson Tirado's Fourth and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983, as a result of Jayson Tirado's fatal shooting by Sawyer. See Fed. R. Civ. P. 12(b)(6). We review the challenged judgment de novo, accepting the allegations in the amended complaint as true and drawing all reasonable inferences in plaintiffs' favor, see, e.g., LaFaro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 475-76 (2d Cir. 2009), consistent with the pleading standards articulated in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

Like the district court, we conclude that plaintiffs failed sufficiently to allege that Sawyer, an off-duty police officer, acted under color of state law in shooting Jayson Tirado, as required for a § 1983 claim. See Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005). Nothing in plaintiffs' complaint suggests that Sawyer identified himself or was recognizable as a police officer, or otherwise engaged in any conduct arguably invoking "the real or apparent power of the police department."[1] Pitchell v. Callan, 13 F.3d 545, 548 (2d Cir. 1994); see also Bonsignore v. City of New York, 683 F.2d 635, 638-39 (2d Cir. 1982) (denying motion to amend complaint because shooting of wife by off-duty officer with service pistol not "committed in the performance of any actual or pretended duty" (internal quotation marks omitted)). Thus, plaintiffs' § 1983 claim against Sawyer was properly dismissed. This pleading defect further doomed plaintiffs' Monell claim against the City for failure to properly train its officers regarding off-duty weapons use as such a claim must be based on an independent constitutional violation by a state actor. See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006); see also City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978); Pitchell v. Callan, 13 F.3d at 549.

---

[1] Plaintiffs' reliance on Revene v. Charles County Commissioners, 882 F.2d 870, 874 (4th Cir. 1989) (reversing dismissal because alleged facts sufficient "to determine that the complaint [was] not frivolous"), is misplaced as that case was decided prior to the Supreme Court's recent clarifications in Iqbal and Twombly of the motion to dismiss standard. Absent any supporting facts, plaintiffs' "formulaic recitation" of § 1983's state actor element is insufficient. Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

In urging otherwise, plaintiffs assert that even if Sawyer was not a state actor, the City is liable because its purported failure to train off-duty officers and encouragement of them carrying weapons increased the likelihood of Sawyer privately inflicting harm on Jayson Tirado. We are not persuaded. The "state-created danger" doctrine holds government officials liable for private harms if their "affirmative conduct . . . communicates, explicitly or implicitly, official sanction of private violence." Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 429 (2d Cir. 2009); see also Lombardi v. Whitman, 485 F.3d 73, 80 (2d Cir. 2007) (noting potential liability for government official whose "affirmative act . . . creates an opportunity for" third party to harm victim). Although liability under this doctrine may extend to a municipality if its policy or custom causes an official's unconstitutional encouragement of private harm, plaintiffs do not here allege that any official affirmatively condoned Sawyer's tragic actions. See Matican v. City of New York, 524 F.3d 151, 154-55 (2d Cir. 2008) (noting city could not be liable if plaintiff did not demonstrate constitutional violation by individual officers under state-created danger theory); cf. Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d at 439-41 (reversing dismissal of § 1983 complaint alleging village custom of tacitly endorsing police officers' unconstitutional responses to domestic violence allegations). Put another way, absent some individual state actor whose unconstitutional conduct might be traceable to the City's alleged lack of training, plaintiffs' claims impermissibly seek to create "a separate cause of action for the failure by the government to train its employees" under the guise of a state-created danger. Segal v. City

of New York, 459 F.3d at 219; see also Matican v. City of New York, 524 F.3d at 154-55,

159.  Accordingly, dismissal was warranted.

     We have considered plaintiffs' other arguments on appeal and conclude that they lack

merit.  Accordingly, we AFFIRM the judgment of the district court.

                          FOR THE COURT:
                          CATHERINE O'HAGAN WOLFE, Clerk of Court