■ JOSEFINA JURADO, Respondent, v JEAN KALACHE, Appellant, et al., Defendant. [940 NYS2d 300]—

In an action to recover damages for medical malpractice, the defendant Jean Kalache appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), entered June 25, 2010, as denied his motion to strike the plaintiff's second supplemental bill of particulars.

Ordered that the order is reversed, on the law, with costs, and the motion to strike the plaintiff's second supplemental bill of particulars is granted.

The plaintiff commenced this action on or about March 17, 2009, by the filing of a verified complaint which alleged, in relevant part, that the defendant Jean Kalache committed medical malpractice during an elbow surgery on December 6, 2007, causing damage to the plaintiff's ulnar nerve, and that Kalache failed to disclose to the plaintiff the alternatives to, and the risks and benefits of, the proposed treatment. Kalache served a verified answer on or about April 13, 2009, along with a demand for a verified bill of particulars. Demand No. 7 sought "the names and section of the statutes, laws, ordinances, etc. it will be claimed [Kalache] violated." The plaintiff served a verified bill of particulars dated June 10, 2009, wherein, among other things, she responded "not applicable" to demand No. 7. The plaintiff then served a bill of particulars which, although denominated as a "supplemental bill of particulars," further articulated the basis for the claims of medical malpractice and lack of informed consent.

On April 14, 2010, Kalache was deposed. During the course of this deposition, a comparison of Kalache's consultation note contained within the chart of the defendant St. Joseph's Medical Center (hereinafter SJMC), and the triplicate copy of the same note contained in Kalache's office records, revealed differences. Specifically, the consultation note in the SJMC chart had additional notations made by Kalache that the copy in his office records did not contain. The additional writing, among other things, indicated that the plaintiff did not have evidence of ulnar nerve dysfunction prior to surgery. Thereafter, based upon this discovery, the plaintiff served a bill of particulars, denominated as a "second supplemental bill of particulars," alleging that Kalache violated various statutes, including Education Law § 6509 (2); § 6530 (2), (21) and (23) and Penal Law §§ 175.05 and 175.10, which, inter alia, deal with falsifying records. Kalache moved to strike the "second supplemental bill of particulars" arguing, inter alia, that the "plaintiff had alleged a new cause of action which was not previously pled in the complaint or the original bill of particulars." The Supreme Court denied the motion. Kalache appeals, and we reverse.

"The purpose of a bill of particulars is to amplify the pleadings, limit the proof, and prevent surprise at trial" (*Jones v LeFrance Leasing Ltd. Partnership*, 61 AD3d 824, 825 [2009]). Pursuant to CPLR 3043 (b), "[a] party may serve a supplemental bill of particulars with respect to claims of continuing special damages and disabilities . . . [p]rovided however that no new cause of action may be alleged or new injury claimed." By asserting, in the "second supplemental bill of particulars," vari-

ous statutory violations allegedly committed by Kalache, the plaintiff was not simply amplifying her prior response to demand No. 7. Instead, she was adding new allegations, which had not been asserted in the complaint. Accordingly, it was error to deny the motion to strike the "second supplemental bill of particulars" (*see Castleton v Broadway Mall Props., Inc.*, 41 AD3d 410, 411 [2007]; *Melino v Tougher Heating & Plumbing Co.*, 23 AD2d 616 [1965]; *Dalrymple v Koka*, 295 AD2d 469 [2002]; *Sebring v Wheatfield Props. Co.*, 255 AD2d 927 [1998]). Florio, J.P., Dickerson, Chambers and Sgroi, JJ., concur.

---

Motion by the respondent on an appeal from an order of the Supreme Court, Westchester County, entered June 25, 2010, inter alia, to strike Point III and the reference to Point III in the table of contents of the appellant's brief, for an award of costs, and to impose a sanction upon the appellant on the grounds that the brief contains or refers to matter dehors the records and that the appellant improperly raises an issue for the first time on appeal. By decision and order on motion of this Court dated May 5, 2011, those branches of the motion which were to strike Point III and the reference to Point III in the table of contents of the appellant's brief, for an award of costs, and to impose a sanction upon the appellant were held in abeyance and were referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the respondent's motion which was to strike Point III and the reference to Point III in the table of contents of the appellant's brief is granted, and it is further,

Ordered that those branches of the motion which were for an award of costs and to impose a sanction upon the appellant are denied. Florio, J.P., Dickerson, Chambers and Sgroi, JJ., concur.