Everett v Eastchester Police Dept. (2018 NY Slip Op 00129)





Everett v Eastchester Police Dept.


2018 NY Slip Op 00129


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-12046
2015-12047
 (Index No. 27659/10)

[*1]Gail M. Everett, etc., et al., appellants, 
v
Eastchester Police Department, et al., respondents, et al., defendants.


Richard L. Sullivan, Buffalo, NY (Ameer Benno of counsel), for appellants.
Cerussi & Spring, P.C., White Plains, NY (Christa D'Angelica of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated August 22, 2013, as granted that branch of the cross motion of the defendants Eastchester Police Department and Town of Eastchester which was pursuant to CPLR 3211(a)(7) to dismiss the seventh cause of action insofar as asserted against them, and (2) so much of a judgment of the same court dated May 13, 2015, as, upon the order, dismissed the seventh cause of action insofar as asserted against them.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The appeal from the order dated August 22, 2013, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The defendant James Pileggi, Jr., was a police officer employed by the defendants Eastchester Police Department and Town of Eastchester (hereinafter together the defendants). On November 3, 2009, while off duty, Pileggi was handling his off-duty weapon when it went off and Andre LaSalle was killed (see Everett v Eastchester Police Department, 127 AD3d 1131). Pileggi subsequently was convicted of manslaughter in the second degree. This action was commenced by LaSalle's mother, (individually and as administrator of his estate), grandmother, and sister. The plaintiffs' seventh cause of action against the defendants alleged civil rights violations pursuant to 42 USC § 1983.
In order to maintain an action under 42 USC § 1983, two essential elements must be [*2]present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States (see Pitchell v Callan, 13 F3d 545, 547 [2d Cir]). Moreover, a municipality may only be held liable pursuant to 42 USC § 1983 for constitutional violations committed by its employees where the municipality's failure to train, and/or the policies or customs that it has sanctioned, were "the moving force of the constitutional violation" (Monell v New York City Dept. of Social Servs., 436 US 658, 694; see Los Angeles v Heller, 475 US 796, 799; Hudson Valley Mar., Inc. v Town of Cortlandt, 79 AD3d 700, 703).
Where the conduct complained of was committed by an off-duty police officer, a constitutional violation may be found if, for instance, the officer, albeit off-duty, nonetheless is engaged in some activity arguably invoking the real or apparent power of the police department, or is engaged in the performance of duties prescribed generally for police officers (see Pitchell v Callan, 13 F3d at 548). Here, the amended complaint alleged only, in the most conclusory fashion, that Pileggi was "acting under the color of law" when the shooting occurred. Since nothing in the amended complaint suggested that Pileggi identified himself or was recognizable as a police officer, or was otherwise engaged in any activity arguably invoking the real or apparent power of the police department, the seventh cause of action was fatally defective. In turn, because the plaintiffs failed sufficiently to allege that Pileggi was acting under color of state law, it follows that there was no factual basis upon which to hold the defendants liable under Monell (see Claudio v Sawyer, 409 Fed Appx 464, 466 [2d Cir]).
In any event, even if the amended complaint had properly pleaded that Pileggi was acting under color of state law and not engaged in purely personal pursuits at the time of the shooting, the seventh cause of action was also fatally defective in that it failed to allege specific facts supporting the plaintiffs' contention that the defendants had a policy or custom of encouraging or sanctioning the type of reckless behavior that led to the shooting (see Martin v City of New York, 153 AD3d 693; Cozzani v County of Suffolk, 84 AD3d 1147; Pang Hung Leung v City of New York, 216 AD2d 10).
In light of our determination, we need not reach the defendants' remaining contention.
Accordingly, the Supreme Court properly dismissed the seventh cause of action.
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court