L.R. v Evergreen Charter Sch. (2024 NY Slip Op 05997)

L.R. v Evergreen Charter Sch.

2024 NY Slip Op 05997

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-04644
 (Index No. 604542/18)

[*1]L.R., etc., et al., appellants, 
v
Evergreen Charter School, et al., defendants third-party plaintiffs-respondents; K & Y Landscaping, third-party defendant/second third-party plaintiff- respondent; Original Wood Kingdom of Farmingdale, et al., third-party defendants/second third-party defendants-respondents.

Schwartz Goldstone Campisi & Kates, LLP, New York, NY (Herbert Rodriguez, Jr., of counsel), for appellants.
McCarthy & Associates, Melville, NY (Michael D. Kern of counsel), for defendants third-party plaintiffs-respondents.
Farber Brocks & Zane LLP, Garden City, NY (Charles T. Ruhl of counsel), for third-party defendant/second third-party plaintiff-respondent.
Barbiero, Bisch & O'Connor LLP, Melville, NY (Jessica A. Moreno of counsel), for third-party defendant/second third-party defendant-respondent Original Wood Kingdom of Farmingdale.
Galvano & Xanthakis, P.C., Staten Island, NY (Steven F. Granville of counsel), for third-party defendant/second third-party defendant-respondent BCS Industries, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered May 7, 2020. The order granted the separate motions of the third-party defendant/second third-party plaintiff, joined by the third-party defendant/second third-party defendant BCS Industries, Inc., the defendants third-party plaintiffs, and the third-party defendant/second third-party defendant Original Wood Kingdom of Farmingdale to strike the plaintiffs' supplemental bill of particulars and expert witness disclosure, both dated December 30, 2019, to the extent of striking the supplemental bill of particulars and, in effect, precluding the plaintiffs' expert from testifying at trial regarding the violations of law, rules, and regulations alleged in the supplemental bill of particulars.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The infant plaintiff, by her mother, and her mother individually, commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the infant plaintiff [*2]while using the playground of the defendant Evergreen Charter School (hereinafter Evergreen) on premises owned by the defendant Circulo de la Hispanidad, Inc. (hereinafter Circulo). In their bill of particulars, the plaintiffs alleged that Evergreen and Circulo were negligent in erecting a defective playground. Evergreen and Circulo commenced a third-party action against K & Y Landscaping, Original Wood Kingdom of Farmingdale (hereinafter Wood Kingdom), and BCS Industries, Inc. (hereinafter BCS), entities allegedly involved in the installation of the playground, and K & Y Landscaping commenced a second third-party action against Wood Kingdom and BCS.
In April 2019, the plaintiffs served a supplemental bill of particulars, alleging violations of certain statutes, ordinances, regulations, or rules of the State of New York or their subdivisions in connection with the condition of the playground. By letter dated April 18, 2019, counsel for Evergreen and Circulo demanded a further supplemental bill of particulars setting forth the specific violations claimed by the plaintiffs. Counsel for the plaintiffs responded by letter to counsel for Evergreen and Circulo and counsel for K & Y Landscaping, stating, "[w]e hereby withdraw any violations or statutes and ordinances in the above captioned matter," and requested that K & Y Landscaping withdraw a motion to dismiss the complaint or to compel discovery that it had filed against the plaintiffs. In reliance upon the plaintiffs' letter, K & Y Landscaping withdrew its motion.
Thereafter, the plaintiffs served another supplemental bill of particulars, dated December 30, 2019 (hereinafter the December 2019 supplemental bill of particulars), alleging violations of "the following statutes, ordinances, regulations or rules of public playground safety produced by the United States Consumer Product Safety Commission (CPSC) and the American Society for Testing and Materials (ASTM) Standard F 1487 and New York State law § 399-dd," as well as expert witness disclosure also dated December 30, 2019, indicating that the expert would testify about those violations, among other things. K & Y Landscaping, joined by BCS, Evergreen and Circulo, and Wood Kingdom separately moved to strike the December 2019 supplemental bill of particulars and expert witness disclosure. The Supreme Court granted the separate motions to the extent of striking the December 2019 supplemental bill of particulars and, in effect, precluding the plaintiffs' expert from testifying at trial regarding the violations of law, rules, and regulations alleged in the December 2019 supplemental bill of particulars. The plaintiffs appeal.
"The purpose of a bill of particulars is to amplify the pleadings, limit the proof, and prevent surprise at trial" (Jurado v Kalache, 93 AD3d 759, 760 [internal quotation marks omitted]; see Jones v LeFrance Leasing Ltd. Partnership, 61 AD3d 824, 825). In a personal injury action, "[a] party may serve a supplemental bill of particulars with respect to claims of continuing special damages and disabilities without leave of court at any time, but not less than thirty days prior to trial. Provided however that no new cause of action may be alleged or new injury claimed" (CPLR 3043[b]).
Here, having previously withdrawn "any violations or statutes and ordinances in the above captioned matter," the plaintiffs, by asserting violations of statutes, ordinances, and regulations in the December 2019 supplemental bill of particulars, improperly added new allegations that had not been asserted in the complaint (see Jurado v Kalache, 93 AD3d at 760-761).
Accordingly, the Supreme Court properly granted the separate motions of K & Y Landscaping, joined by BCS, Evergreen and Circulo, and Wood Kingdom to strike the plaintiffs' December 2019 supplemental bill of particulars and expert witness disclosure to the extent of striking the December 2019 supplemental bill of particulars and, in effect, precluding the plaintiffs' expert from testifying at trial regarding the violations of law, rules, and regulations alleged in the December 2019 supplemental bill of particulars.
LASALLE, P.J., IANNACCI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court